JAMES W. WATSON, PLAINTIFF v. AMERICAN NATIONAL FIRE INSURANCE COMPANY, DEFENDANT

No. 906SC1325

(Filed 7 July 1992)

1. **Rules of Civil Procedure § 12 (NCI3d); Insurance § 69.3 (NCI3d)— motion for judgment on the pleadings—denial of knowledge of UIM rejection—denial on information and belief of issues of fact**

The trial court erred in an action arising from an underinsured motorist (UIM) claim by granting plaintiff's motion for judgment on the pleadings where defendant's answer that it had no knowledge or information that plaintiff had rejected UIM coverage was a legal impossibility, but defendant's denials on the basis of lack of information or belief of factual matters were sufficient to raise the matters to the level of factual issues and preclude judgment on the pleadings.

**Am Jur 2d, Pleading § 232.**

**2. Insurance § 69 (NCI3d) — UIM coverage — interpolicy stacking — fleet onto nonfleet policies**

    The trial court erred by allowing interpolicy stacking of commercial fleet UIM coverage onto a private nonfleet UIM policy. Although interpolicy stacking is permitted to provide the innocent victim of an inadequately insured driver with an additional source of recovery, allowing stacking of a victim's fleet policy onto the nonfleet policy of the insured-tortfeasor is a result contemplated neither by the insurer when it wrote the fleet policy nor the legislature when it wrote the statute. N.C.G.S. § 58-40-10; N.C.G.S. § 20-279.21(b)(4).

**Am Jur 2d, Automobile Insurance § 329.**

**Combined or "stacking" uninsured motorist coverages provided in fleet policy. 25 ALR4th 986.**

APPEAL by defendant from judgment on the pleadings and declaratory judgment granted by *Judge Cy A. Grant* in BERTIE County Superior Court on 29 October 1990. Heard in the Court of Appeals 18 September 1991.

*Pritchett, Cooke and Burch, by William W. Pritchett, Jr., Lars P. Simonsen and David J. Irvine, Jr., for plaintiff-appellee.*

*Haywood, Denny, Miller, Johnson, Sessoms and Patrick, by George W. Miller and Robert E. Levin, for defendant-appellant.*

LEWIS, Judge.

On 17 February 1989, the plaintiff was involved in a motor vehicle accident with Clyde Lee. The accident occurred while the plaintiff was driving his mother's 1984 Cadillac automobile on Highway 13 in Hertford County, North Carolina. The plaintiff filed a complaint against Clyde Lee on 25 September 1989 alleging severe and permanent injuries.

At the time of the accident, Clyde Lee was insured by Nationwide Insurance Companies with liability coverage in the amount of $100,000.00 per person and $300,000.00 per accident. On 31 October 1989, Nationwide settled the plaintiff's claim for the limits of Clyde Lee's policy ($100,000.00).

The plaintiff's damages exceeded his settlement with Nationwide under Clyde Lee's policy so he made a claim for under in-

WATSON v. AMERICAN NATIONAL FIRE INSURANCE CO.

[106 N.C. App. 681 (1992)]

surance coverage (UIM) on his own business insurance policy written by American National Fire Insurance Company, the defendant. The defendant denies that this policy provides under insurance coverage. On 29 October 1990, the trial court granted the plaintiff's motion for judgment on the pleadings, and awarded all coverage in the amount of $10,000,000.00. The defendant appeals.

[1] The appellant argues that the trial court erred in holding that the dispositive issues and material facts of this case are not in dispute by granting the plaintiff's motion for judgment on the pleadings. Judgment on the pleadings is not favored by the law, and a non-movant's pleadings will be liberally construed. *Edwards v. Edwards*, 261 N.C. 445, 135 S.E.2d 18 (1964).

*Ragsdale v. Kennedy*, 286 N.C. 130, 209 S.E.2d 494 (1974) articulates the position of this State's courts in determining whether a motion for judgment on the pleadings should be granted. This case reflects the rarity with which the appellate courts embrace the motion.

In *Ragsdale*, the Supreme Court defined the function of Rule 12(c) of the North Carolina Rules of Civil Procedure as being to dispose of baseless claims or defenses when the formal pleadings reveal their lack of merit. *Id.* at 137, 209 S.E.2d at 499. A motion for judgment on the pleadings is the proper procedure when all the material allegations of fact are admitted in the pleadings and only questions of law remain. *Id.* Furthermore, the movant is held to a strict standard and must show that no material issue of fact exists and that he is clearly entitled to judgment. *Id.* All allegations in the non-movant's pleadings, except conclusions of law, legally impossible facts, and matters not admissible in evidence at the trial are deemed admitted by the movant for the purpose of the motion. *Id.*

The appellee contends that the appellant's denial that the plaintiff never rejected under insurance motorist coverage constitutes a legally impossible fact, as contemplated by *Ragsdale*, 286 N.C. at 137, 209 S.E.2d at 499, since UIM coverage is automatic unless the insured expressly rejects such coverage. The appellee argues that since N.C.G.S. § 20-279.21(b)(4) (1991) requires that a rejection of UIM coverage be "in writing . . . on a form promulgated by the North Carolina Rate Bureau and approved by the Commissioner of Insurance," the appellant's answer that it had no knowledge or information that the plaintiff rejected UIM coverage and sub-

sequent denial constitute an admission; had the plaintiff rejected the UIM coverage, the appellant would have a written record of that rejection. The appellee further maintains that, with the disposal of that factual issue as a legally impossible fact, no other material facts were in dispute.

The appellee is correct in calling the appellant's answer to paragraph 21 of the pleadings legally impossible; if the plaintiff had rejected the automatic UIM coverage, he could only have done so as stipulated in N.C.G.S. § 20-279.21(b)(4). The appellant would have to know of the rejection if it occurred. It would be written and would certainly have been reflected in the policy issued to plaintiff. For the appellant to claim a lack of knowledge concerning something about which he could not have been ignorant is not only disingenuous but legally impossible.

As to the appellee's argument that no other material facts were in dispute, one must view the entire pleadings. In addition to its denial of paragraph 21, the defendant-appellant denied paragraphs 6, 7, 8, 9, 15, 19, 22, 23, 24, 27, 28, 29, 30, 31 and 32. Paragraphs 6-9 of the complaint refer to the facts of the accident, to which the appellant responds that it has no knowledge sufficient to form a belief, and therefore denies. Finally, paragraphs 24 and 27-32 make reference to the plaintiff's damages, to which the appellant responds in the same manner. These denials are to factual matters. In *Campbell v. Trust Co.*, 214 N.C. 680, 200 S.E.2d 392 (1939), the Supreme Court held that a denial on information and belief is sufficient to preclude judgment on the pleadings in favor of the plaintiff. Though this case was decided before the Rules of Civil Procedure, the "motion operates substantially the same as under the code system before adoption of the new rules." *Ragsdale*, at 136, 209 S.E.2d at 499. Consistent with the holding in *Campbell*, the appellant's denials on the basis of lack of information or belief of factual matters are sufficient to raise the matters to the level of factual issues, precluding judgment on the pleadings in favor of the plaintiff. The trial court erred in granting the plaintiff's motion for judgment on the pleadings.

[2]  The appellant argues next that the trial court erred in affording the plaintiff UIM coverage on his own policy in the amount of $5,000,000.00 per vehicle, for a total of $10,000,000.00. The threshold question, before even considering the amount of coverage to which the plaintiff may be entitled, is whether the plaintiff could stack

his own policy and that of Clyde Lee's; i.e., whether inter-policy stacking was proper in this situation.

The appellee relies on *Crowder v. N.C. Farm Bureau Mut. Ins. Co.*, 79 N.C. App. 551, 340 S.E.2d 127, *disc. rev. denied*, 316 N.C. 731, 345 S.E.2d 387 (1986), in its argument that "coverage extends to those insured even though not in the covered vehicle at the time of injury," *id.* at 553, 340 S.E.2d at 129, and on N.C.G.S. § 20-279.21(b)(4) which provides that when a policy affording uninsured motorist coverage is written at limits which exceed the statutorily required minimum coverage, such policy shall "provide under insured motorist coverage . . . in an amount equal to the policy limits for automobile bodily injury liability as specified in the owner's policy." In short, when all other liability insurance has been exhausted and the injured party's damages exceed the limits of that policy, the statute will allow UIM coverage under the injured party's own policy of insurance. N.C.G.S. § 20-279.21(b)(4). While both *Crowder* and N.C.G.S. § 20-279.21(b)(4) are pertinent to the present case, *Crowder* is careful to limit its holding to "the particular circumstances of this case." *Id.* at 553, 340 S.E.2d at 129. In *Crowder*, the policy under which the plaintiff sought and was awarded UIM coverage was for a 1978 Dodge van, a private nonfleet passenger motor vehicle. The appellant here contends that the plaintiff's policy is a commercial or "Businesspro" policy covering his two buses, and not a private nonfleet passenger motor vehicle policy.

The Motor Vehicle Safety and Financial Responsibility Act of 1953, as amended, expressly limits the applicability of the statute to nonfleet private passenger motor vehicles: ". . . this paragraph shall apply only to nonfleet private passenger motor vehicles insurance as defined in G.S. §§ 58-40-15(a) and (10)." N.C.G.S. § 20-279.21(b)(4). The applicable statute at the time defines private passenger motor vehicles as:

(a) A motor vehicle of the private passenger or station wagon type that is owned or hired under a long-term contract by the policy named insured and that is neither used as a public or livery conveyance for passengers nor rented to others without a driver; or

(b) A motor vehicle with a pick-up body, a delivery sedan or a panel truck that is owned by an individual or by husband

and wife or individuals who are residents of the same household and that is not customarily used in the occupation, profession, or business of the insured other than farming or ranching. Such vehicles owned by a family farm copartnership or corporation shall be considered owned by an individual for purposes of this Article.

N.C.G.S. § 58-40-10 (1990). The plaintiff's buses do not qualify as nonfleet private passenger motor vehicles as defined by N.C.G.S. § 58-40-10 (1990).

The appellant argues further that the plaintiff's policy covering his two buses is a fleet policy as defined in *Sutton v. Aetna Casualty & Sur. Co.*, 325 N.C. 259, 382 S.E.2d 759, *reh'g denied*, 325 N.C. 437, 384 S.E.2d 546 (1989). In *Sutton*, the Supreme Court defined a fleet policy as ". . . a single policy designed to provide coverage for a multiple and changing number of motor vehicles used in an insured's business." *Id.* at 266, 382 S.E.2d at 763. Although the appellee's policy lists only two specific vehicles, it does provide for additional buses to be added to the policy. Therefore, the appellee's policy is a fleet policy under *Sutton* and excluded from inter-policy stacking, since the stacking provisions of N.C.G.S. § 20-279.21(b)(4) cover only nonfleet private passenger motor vehicle insurance. *Aetna Casualty and Sur. Co. v. Fields*, 105 N.C. App. 563, 414 S.E.2d 69 (1992). We recognize that inter-policy stacking is permitted so as to provide the innocent victim of an inadequately insured driver with an additional source of recovery; however, to allow stacking of a victim's fleet policy onto the nonfleet policy of the insured-tortfeasor is a result contemplated neither by the insurer when it wrote the fleet policy nor the legislature when it wrote the statute. We therefore hold that under N.C.G.S. § 20-279.21(b)(4) fleet policies may not be stacked onto nonfleet policies.

Since we find that the court erred in allowing inter-policy stacking, we decline to comment on the intra-policy stacking and the amount of coverage allowable under the policy.

Reversed and remanded.

Judges COZORT and ORR concur.