JAMES WATSON v. AMERICAN NATIONAL FIRE INSURANCE COMPANY

No. 281PA92

(Filed 12 February 1993)

**Insurance § 533 (NCI4th)— vehicle operated under I.C.C. permit— UIM coverage—no rejection by insured—amount equal to liability coverage not required**

Where plaintiff had in effect at the time of a collision a liability policy with defendant providing liability coverage of $5,000,000 on each of two buses he operated under an Interstate Commerce Commission certificate of convenience and plaintiff was required to have this amount of liability coverage in order to receive the certificate, N.C.G.S. § 20-279.21(b)(4) did not require that the liability policy provide plaintiff with underinsured motorist (UIM) coverage in the amount of his liability coverage when he did not reject UIM coverage since N.C.G.S. § 20-279.32 provides that N.C.G.S. § 20-279.21(b)(4) does not apply to vehicles operated under an Interstate Commerce Commission permit if liability insurance for the protection of the public is required to be carried on the vehicle.

**Am Jur 2d, Automobile Insurance § 294.**

On discretionary review pursuant to N.C.G.S. § 7A-31, from a decision of the Court of Appeals, 106 N.C. App. 681, 417 S.E.2d 814 (1992), reversing and remanding a judgment entered by Grant, J., in the Superior Court, Bertie County, on 29 October 1990. Heard in the Supreme Court 12 January 1993.

The plaintiff was operating his mother's 1984 Cadillac automobile in Hertford County, North Carolina on 17 February 1989. The automobile being driven by the plaintiff was struck by a vehicle driven by Mr. Clyde Lee. The plaintiff filed a complaint against Mr. Lee and settled with Mr. Lee's insurance carrier for the limits of his policy of $100,000.00.

The plaintiff then filed this declaratory judgment action for a determination of his right to underinsured motorist coverage. It is undisputed that the plaintiff had in effect at the time of the collision a liability policy with the defendant which provided liability coverage in the amount of $5,000,000.00 on each of two buses he owned. The policy provided for underinsured motorist

coverage in the amount of $25,000.00. The parties stipulated that the plaintiff operated the two covered vehicles under a certificate of convenience as required by the Interstate Commerce Commission. The parties also agreed that the Interstate Commerce Commission required as a condition for issuing the certificate of convenience that the plaintiff have $5,000,000.00 in liability coverage for each vehicle.

The superior court held that N.C.G.S. § 20-279.21(b)(4) requires that the policy which provides for liability coverage must provide the plaintiff with underinsured motorist coverage in the amount of the liability coverage unless the plaintiff had rejected it, which he had not done. The superior court held the plaintiff had $10,000,000.00 of underinsured motorist coverage. The Court of Appeals held that the policy did not provide underinsured motorist coverage for the plaintiff and reversed the superior court. We allowed discretionary review.

*Pritchett, Cooke & Burch, by William W. Pritchett, Jr., Lars P. Simonsen and David J. Irvine, Jr., for plaintiff appellant.*

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by George W. Miller, Jr. and Robert E. Levin, for defendant appellee.*

WEBB, Justice.

This case brings to the Court a question as to whether the plaintiff has underinsured motorist coverage for injuries received in an automobile accident. The plaintiff contends that N.C.G.S. § 20-279.21(b)(4) provides that the policy he has with defendant gives him underinsured motorist coverage in the amount of his liability coverage because there is no showing that he rejected underinsured motorist coverage.

We hold that this case is governed by N.C.G.S. § 20-279.32 which provides in part:

> This Article . . . does not apply to any vehicle operated under a permit or certificate of convenience or necessity issued by the North Carolina Utilities Commission, or by the Interstate Commerce Commission, if public liability and property damage insurance for the protection of the public is required to be carried upon it.

It is undisputed that the vehicles insured by the defendant were operating under a certificate of convenience issued by the Interstate Commerce Commission and the plaintiff was required to have the liability coverage that he had in order to receive this certificate. N.C.G.S. § 20-279.21(b)(4), under which the plaintiff contends he is given underinsured motorist coverage, is part of the same article as N.C.G.S. § 20-279.32. By its plain words N.C.G.S. § 20-279.32 says that N.C.G.S. § 20-279.21(b)(4) does not apply in this case. The plaintiff has only such coverage as is provided in the policy.

The plaintiff, relying on *Bray v. Insurance Co. of the State of Pa.*, 917 F.2d 130 (4th Cir. 1990), argues that the ICC regulations do not preempt state regulation of underinsured coverage. We agree. It is not the ICC regulations that preempt the plaintiff from underinsured motorist coverage. It is the statutes of this state which do not provide for underinsured motorist coverage in this case.

For the reasons stated in this opinion, we affirm the Court of Appeals.

AFFIRMED.