DALLAS L. ISENHOUR AND WIFE, SANDRA K. ISENHOUR v. UNIVERSAL UNDERWRITERS INSURANCE COMPANY, AND UNIVERSAL UNDERWRITERS GROUP

No. 9325SC97

(Filed 21 December 1993)

**Insurance § 528 (NCI4th) — automobile insurance — UIM coverage — no stacking of personal and fleet policies**

An injured motorist was not entitled to interpolicy stacking of the underinsured motorist benefits under his nonfleet personal automobile policy and his employer's fleet insurance coverage.

**Am Jur 2d, Automobile Insurance § 322.**

Appeal by plaintiffs from judgment entered 10 November 1992 by Judge Robert M. Burroughs in Catawba County Superior Court. Heard in the Court of Appeals 1 December 1993.

On 29 April 1989, Dallas Isenhour (Isenhour) was injured when his vehicle collided with a vehicle driven by Willie Kate Clark (Clark). On 12 March 1990, Isenhour filed a complaint against Clark alleging, among other things, negligence in failing to keep a proper lookout and driving in a reckless manner. Isenhour's wife, Sandra, asserted a claim for loss of consortium. At the time of the accident, both Clark and Isenhour were insured by Nationwide Mutual Insurance Company (Nationwide) under nonfleet personal automobile insurance policies. Isenhour's employer, Far East Motors, also had a fleet policy which may have covered Isenhour as a Far East Motors employee. The fleet policy was issued by the defendants, Universal Underwriters Insurance Company and Universal Underwriters Group, collectively, Universal.

Clark's policy with Nationwide had coverage limits of $50,000.00. As a result, plaintiffs' attorney notified Universal of their intent to seek additional compensation under the underinsured provision in Universal's policy with Far East Motors. Plaintiffs' attorney informed Universal in a 17 July 1991 letter of their demand for settlement of $1,200,000.00 and sent Universal copies of the complaint and other pertinent documents.

On 1 October 1991, plaintiffs' attorney notified Universal that the case was set on the 14 October 1991 trial calendar and that

ISENHOUR v. UNIVERSAL UNDERWRITERS INS. CO.

[113 N.C. App. 152 (1993)]

Universal did not appear represented. Universal sent plaintiffs' attorney a letter in which it denied it was a party to the suit and produced its insurance policy for review. The trial court entered judgment in the underlying case on 10 March 1992 in the amount of $750,000.00 for Isenhour and $150,000.00 for Sandra. The judgment stated that plaintiffs could recover from Clark to "the extent of underinsured motorist's coverage provided by an underinsured motorist carrier other than Nationwide Mutual Insurance Company," as per a partial release negotiated by the parties. This partial release limited Nationwide's total liability under both policies to $75,000.00.

In subsequent correspondence, Universal stated that the maximum that may be available to Isenhour under their policy was $60,000.00 and denied that an umbrella provision in the policy applied to Isenhour's claim. Universal explained that the coverage parts for the underlying policy and the umbrella policy were separate and distinct forms of coverage, adding that underinsured motorist coverage is added only by specific endorsement. Universal stated that only $60,000.00 in underinsured motorist coverage existed via specific endorsement and underinsured motorist coverage had not been endorsed onto the umbrella provision. Accordingly, Universal claimed Isenhour was entitled to recover, if anything, $60,000.00 in underinsured motorist coverage.

On 8 June 1992, the Isenhours filed suit against Universal alleging (1) gross negligence, (2) violation of N.C. Gen. Stat. § 58-63-15(11) (1991), unfair and deceptive acts or practices, and N.C. Gen. Stat. § 75-16 (1988), and (3) liability by virtue of N.C. Gen. Stat. § 20-279.21(b)(4) (1989). The Isenhours further alleged the policy provided $1,060,000.00 in underinsured motorist coverage. Universal responded, denying liability and defending on the basis that (1) the policy is a fleet policy under G.S. § 20-279.21(b)(4) and cannot be stacked onto a nonfleet policy, (2) plaintiffs are not insureds under the policy, and (3) Universal was not a party to the judgment action, nor did it participate in the settlement agreement, and cannot be bound by that agreement.

Universal moved for summary judgment on 25 August 1992. On 10 November 1992, the trial court granted defendants' motion for summary judgment and dismissed the plaintiffs' claims. Judgment was based on this Court's holding in *Watson v. American National Fire Insurance Company*, 106 N.C. App. 681, 417 S.E.2d

814 (1992), *aff'd on other grounds*, 333 N.C. 338, 425 S.E.2d 696 (1993). From the entry of summary judgment, plaintiffs appeal.

*Pritchett, Cooke & Burch, by David J. Irvine, Jr., and Lovekin & Ingle, P.A., by Stephen L. Lovekin and John D. Ingle, for plaintiff appellants.*

*Hutchins, Tyndall, Doughton & Moore, by Richard Tyndall and Kent L. Hamrick, for defendant appellees.*

ARNOLD, Chief Judge.

Plaintiffs contend the trial court erred in allowing defendants' motion for summary judgment. Defendants, on the other hand, contend that summary judgment should be affirmed because the trial court correctly applied this Court's decision in *Watson*. Defendants are correct.

Defendants submitted two affidavits in support of their motion for summary judgment. In the first affidavit, Universal's underwriting manager stated that Universal's policy issued to Far East Motors was a fleet policy that insured a multiple and changing number of motor vehicles used in Far East Motor's business. In the second affidavit, Nationwide, which had issued policies to both Clark, the tortfeasor, and the Isenhours, stated that both policies were nonfleet personal automobile insurance policies.

On the basis of these two affidavits and this Court's decision in *Watson*, the trial court granted summary judgment. At all times pertinent to this appeal, G.S. § 20-279.21(b)(4), relating to underinsured motorist stacking, contained a proviso stating "this paragraph shall apply only to nonfleet private passenger motor vehicle insurance." The paragraph referred to in the proviso allows the owner, "in instances where more than one policy may apply, the benefit of all limits of liability of underinsured motorist coverage under all such policies." G.S. § 20-279.21(b)(4).

In *Watson*, this Court, relying on the language in the proviso, held that fleet policies may not be stacked onto nonfleet policies under G.S. § 20-279.21(b)(4). *Watson v. American National Fire Insurance Co.*, 106 N.C. App. 681, 417 S.E.2d 814 (1992), *aff'd on other grounds*, 333 N.C. 338, 425 S.E.2d 696 (1993). In *Watson*, this Court stated that

the appellee's policy is a fleet policy under *Sutton* and excluded from inter-policy stacking, since the stacking provisions of N.C.G.S. § 20-279.21(b)(4) cover only nonfleet private passenger motor vehicle insurance. *Aetna Casualty and Sur. Co. v. Fields*, 105 N.C. App. 563, 414 S.E.2d 69 (1992). We recognize that inter-policy stacking is permitted so as to provide the innocent victim of an inadequately insured driver with an additional source of recovery; however, to allow stacking of a victim's fleet policy onto the nonfleet policy of the insured-tortfeasor is a result contemplated neither by the insurer when it wrote the fleet policy nor the legislature when it wrote the statute.

*Id.* at 686, 417 S.E.2d at 818. *But see Sutton v. Aetna Casualty & Surety Co.*, 325 N.C. 259, 382 S.E.2d 759, *reh'g denied*, 325 N.C. 437, 384 S.E.2d 546 (1989) (stating that no reason exists to distinguish between fleet and nonfleet policies under interpolicy stacking).

Our Supreme Court granted discretionary review of *Watson*. On review, that Court determined that the insurance policy at issue was exempt, via N.C. Gen. Stat. § 20-279.32 (1993), from the requirements of the Financial Responsibility Act, encompassing G.S. § 20-279.21(b)(4), entitling the plaintiff to "only such coverage as is provided in the policy." *Watson*, 333 N.C. 338, 340, 425 S.E.2d 696, 697 (1993). The Supreme Court affirmed this Court's decision without modification or reversal, despite conflicting language in *Sutton* indicating approval of the type of stacking barred by this Court in *Watson*. Thus, we must assume *Watson* is still binding on this Court.

*Watson*, therefore, bars the coverage sought in this case and the trial court correctly granted summary judgment. In light of this determination, it is unnecessary to address plaintiffs' specific contentions regarding summary judgment.

Affirmed.

Judges WELLS and EAGLES concur.