DALLAS L. ISENHOUR, AND WIFE, SANDRA K. ISENHOUR v. UNIVERSAL UNDERWRITERS INSURANCE COMPANY, AND UNIVERSAL UNDERWRITERS GROUP

No. 181PA96

(Filed 6 December 1996)

## 1. Pleadings § 369 (NCI4th)— motion to amend answer—new defenses—denial not abuse of discretion

The trial court did not abuse its discretion by denying defendant fleet insurer's motion to amend its answer to interpose two new defenses where the motion was filed more than five years after the complaint was filed; the trial court based its decision on undue delay and undue prejudice; and there was no merit to defendant's contention that one of the new defenses was created by a Court of Appeals decision and was unknown to it. N.C.G.S. § 1A-1, Rule 15(a).

**Am Jur 2d, Pleading §§ 306 et seq.**

## 2. Insurance § 510 (NCI4th)— rejection of UIM coverage— denial of amendment of answer—UIM coverage equal to liability coverage

Where the trial court did not abuse its discretion in denying defendant fleet insurer's motion for leave to amend its answer to

allege that the insured had rejected UIM coverage, the amount of the UIM coverage available under the fleet policy is equal to the liability coverage limit of the policy. N.C.G.S. § 20-279.21(b)(4).

**Am Jur 2d, Automobile Insurance §§ 304 et seq.**

**Construction of statutory provision governing rejection or waiver of uninsured motorist coverage. 55 ALR3d 216.**

**3. Insurance § 530 (NCI4th)— UIM coverage—settlement with excess insurer—primary insurer not entitled to credit**

Where a fleet policy issued to plaintiff's employer provided primary UIM coverage and plaintiff's personal automobile policy provided excess UIM coverage for an accident while plaintiff was operating a vehicle owned by the employer, plaintiff settled for $25,000 under the UIM portion of his personal (excess) policy, plaintiff obtained a $750,000 judgment against the tortfeasor, and the UIM coverage available under the fleet policy is $2,000,000, the fleet insurer is not entitled to a credit for the $25,000 settlement received by plaintiff from his personal (excess) automobile insurer since the excess insurer was not yet required to pay any of its UIM coverage because the policy limit of the primary coverage had not been met.

**Am Jur 2d, Automobile Insurance §§ 388-417.**

**Uninsured motorist insurance: Reduction of coverage by amounts payable under medical expense insurance. 24 ALR3d 1353.**

**Uninsured motorist coverage: Validity and effect of policy provision purporting to reduce coverage by amount paid under workmen's compensation law. 24 ALR3d 1369.**

**Uninsured and underinsured motorist coverage: Recoverability, under uninsured or underinsured motorist coverage, of deficiencies in compensation afforded injured party by tortfeasor's liability coverage. 24 ALR4th 13.**

On discretionary review pursuant to N.C.G.S. § 7A-31 prior to a determination by the Court of Appeals of a partial judgment for plaintiff Dallas L. Isenhour and an order denying defendants' motion to amend their answer entered by Ferrell, J., on 2 February 1996 in

ISENHOUR v. UNIVERSAL UNDERWRITERS INS. CO.

[345 N.C. 151 (1996)]

Superior Court, Catawba County. Heard in the Supreme Court 14 October 1996.

*Pritchett, Cooke & Burch, by David J. Irvine, Jr.; and Lovekin & Ingle, P.A, by Stephen L. Lovekin, for plaintiff-appellees.*

*Petree Stockton, L.L.P., by James H. Kelly, Jr., and Susan H. Boyles, for defendant-appellants.*

FRYE, Justice.

This case is again before this Court following remand to, and rulings by, the superior court pursuant to our opinion in *Isenhour v. Universal Underwriters Ins. Co.*, 341 N.C. 597, 461 S.E.2d 317 (1995) (*Isenhour I*). We conclude that the superior court did not abuse its discretion in denying defendants' motion to amend their answer and did not err in entering partial summary judgment for plaintiff Dallas Isenhour.

On 29 April 1989, plaintiff Dallas Isenhour was seriously injured when the vehicle he was operating was involved in a collision with a vehicle driven by Willie Kate Clark. The vehicle Mr. Isenhour was operating was owned by his employer, Far East Motors, Inc. (Far East Motors), and was a covered automobile under a multiple-coverage fleet insurance policy purchased by Far East Motors and issued by defendants, Universal Underwriters Insurance Company and Universal Underwriters Group (Universal). On 12 March 1990, Dallas and Sandra Isenhour instituted an action against Willie Kate Clark for damages for personal injuries sustained in the accident. At the time of the accident, both Clark and the Isenhours were insured by Nationwide Mutual Insurance Company (Nationwide) under nonfleet personal automobile insurance policies. On 11 July 1991, Nationwide paid to the Isenhours $50,000, the per-person liability limit under the Clark policy. Additionally, the Isenhours settled for $25,000 under the underinsured motorist (UIM) portion of their Nationwide policy.

On 10 March 1992, the trial court entered judgment in the underlying action against Ms. Clark in the amount of $750,000 for Mr. Isenhour and $150,000 for Mrs. Isenhour. On 8 June 1992, plaintiffs filed this suit against Universal in an attempt to collect their judgment pursuant to the UIM provisions of the fleet policy issued to Mr. Isenhour's employer, Far East Motors. Universal filed its answer on 23 July 1992, denying liability. Universal moved for summary judgment, and on 10 November 1992, the trial court granted summary

ISENHOUR v. UNIVERSAL UNDERWRITERS INS. CO.

[345 N.C. 151 (1996)]

judgment in favor of Universal and dismissed the Isenhours' claims. The Court of Appeals affirmed. *Isenhour v. Universal Underwriters Ins. Co.*, 113 N.C. App. 152, 437 S.E.2d 702 (1993). On discretionary review, we reversed the decision of the Court of Appeals and remanded the case for further proceedings consistent with our opinion. *Isenhour I*, 341 N.C. 597, 461 S.E.2d 317.

On 21 November 1995, Universal filed a motion for an order dismissing the claim of plaintiff Sandra Isenhour in conformity with the decision of this Court in *Isenhour I*. Judge Forrest A. Ferrell allowed this motion in a judgment signed 2 February 1996, and this matter is not before us on this appeal.

Also on 21 November 1995, Universal filed a motion pursuant to N.C.G.S. § 1A-1, Rule 15(a) to amend its answer to interpose two new defenses: (1) that a selection/rejection of UIM coverage limits Universal's liability to $60,000 per person, and (2) that plaintiff Dallas Isenhour executed a release of the tort-feasor that bars recovery against Universal. On 12 December 1995, plaintiffs filed a motion in the cause seeking a judgment against Universal relying, *inter alia*, on the decision of this Court in *Isenhour I*.

On 2 February 1996, Judge Ferrell entered an order denying Universal's motion to amend its answer and entered partial judgment in favor of plaintiff Dallas Isenhour for $700,000 plus interest and costs. Universal appealed from these rulings. On 12 June 1996, this Court allowed plaintiffs' and Universal's petitions for discretionary review prior to determination by the Court of Appeals.

[1] The first issue on this appeal is whether the trial court erred in denying Universal's motion for leave to amend its answer to interpose two new defenses. Universal moved to amend its answer pursuant to Rule 15(a) of the North Carolina Rules of Civil Procedure.

In situations where a party has no right to amend because of the time limitations in Rule 15(a), an amendment may nevertheless be made by leave of court or by written consent of the adverse party. N.C.G.S. § 1A-1, Rule 15(a) (1990). "A motion to amend is addressed to the [sound] discretion of the trial court. Its decision will not be disturbed on appeal absent a showing of abuse of discretion." *Henry v. Deen*, 310 N.C. 75, 82, 310 S.E.2d 326, 331 (1984). However, leave to amend "shall be freely given when justice so requires." N.C.G.S. § 1A-1, Rule 15(a). "Although the spirit of the North Carolina Rules of Civil Procedure is to permit parties to proceed on the merits without

the strict and technical pleadings rules of the past, the rules still provide some protection for parties who may be prejudiced by liberal amendment." *Henry*, 310 N.C. at 82, 310 S.E.2d at 331. "Among proper reasons for denying a motion to amend are undue delay by the moving party and unfair prejudice to the nonmoving party." *News & Observer Publishing Co. v. Poole*, 330 N.C. 465, 485, 412 S.E.2d 7, 19 (1992).

In the instant case, the trial court articulated clear reasons for denying Universal's motion to amend its answer: undue delay and undue prejudice. Universal concedes that the denial of its motion to amend was within the discretion of the trial court since it had no right to amend its answer as a matter of course and plaintiffs did not consent to the amendment.

Upon careful consideration, we conclude that the trial court did not abuse its discretion by denying Universal's motion to amend its answer to interpose the two new defenses. The motion to amend Universal's answer was filed initially, in this Court, more than five years after the complaint in the instant action was filed. *See Isenhour I*, 341 N.C. at 606 n.2, 461 S.E.2d at 322 n.2 ("This Court denied [Universal's] motion, made for the first time in this Court, to amend the record on appeal by introducing evidence of a purported rejection of [UIM] coverage by Far East Motors."). We further conclude that the trial court did not abuse its discretion by denying Universal's motion to amend its answer to allege plaintiff Dallas Isenhour's release of the tort-feasor as a defense. We do not accept Universal's contention that the defense was created by the Court of Appeals in *Spivey v. Lowery*, 116 N.C. App. 124, 446 S.E.2d 835, *disc. rev. denied*, 338 N.C. 312, 452 S.E.2d 312 (1994), and for that reason was unknown to Universal prior to 1994. Indeed, the Court of Appeals addressed this defense in the context of a UM/UIM claim in *Buchanan v. Buchanan*, 83 N.C. App. 428, 350 S.E.2d 175 (1986), *disc. rev. denied*, 319 N.C. 224, 353 S.E.2d 406 (1987). We have carefully reviewed Universal's contentions under the circumstances presented and find no abuse of discretion by the trial court in denying Universal's motion to amend its answer.

The next issue on this appeal is whether the trial court erred in entering a $700,000 judgment against Universal in favor of plaintiff Dallas Isenhour. Universal argues that the purported selection/rejection form signed by the President of Far East Motors limited its liability under the Far East Motors' policy to $60,000 in UIM coverage.

**[2]** "Under N.C.G.S. § 20-279.21(b)(4), the UIM coverage is the same as the policy limits for automobile liability unless the insured has rejected such insurance or selected a different limit, and this rejection or selection must be in writing." *Isenhour I*, 341 N.C. at 605, 461 S.E.2d at 322. Since we have already decided that the trial court did not abuse its discretion in denying Universal's motion for leave to amend its answer to allege the purported rejection of UIM coverage, the amount of UIM coverage available under the Far East Motors' policy is equal to the liability coverage policy limit, that is, $2,000,000. *Id.* Accordingly, we reject Universal's contention that a UIM judgment could be entered against it for only $60,000.

**[3]** In Universal's final argument, it contends that the trial court erred in crediting $50,000, rather than $75,000, against Mr. Isenhour's $750,000 judgment against the tort-feasor, Willie Kate Clark.

Nationwide, as liability carrier for Clark, paid its policy limits of $50,000 to plaintiffs. Nationwide then paid an additional $25,000 to plaintiffs pursuant to plaintiffs' personal UIM coverage policy and obtained a release from any additional liability. Universal contends that the trial court's failure to credit Nationwide's $25,000 UIM payment against the judgment gives plaintiff a double recovery because it allows Mr. Isenhour to recover an amount greater than his judgment against the tort-feasor. Therefore, Universal argues, it should have received a credit for the $25,000 that Mr. Isenhour collected from Nationwide pursuant to plaintiffs' Nationwide UIM coverage.

In *Isenhour I*, we held that "Far East Motors' Universal policy provides primary coverage and the Isenhours' Nationwide policy provides secondary coverage." 341 N.C. at 608, 461 S.E.2d at 324. We said therefore that "the liability of Nationwide, the excess insurer, does not arise until the limits of the Universal policy, the primary coverage policy, have been exceeded." *Id.* at 608-09, 461 S.E.2d at 324. Universal's policy limit of $2,000,000 is more than plaintiff's judgment of $750,000. Since Nationwide was not required to pay any of its UIM coverage until the policy limit of Universal's UIM coverage had been exceeded, we conclude that Universal is not entitled to a credit for the $25,000 settlement between plaintiff Dallas Isenhour and Nationwide, the secondary insurance carrier. Accordingly, we reject Universal's final argument, and we affirm the decision of the superior court.

AFFIRMED.