LONNELL CARTER, PLAINTIFF v. ROCKINGHAM COUNTY BOARD OF EDUCATION, JOHNSON CONTROLS, INC. AND LONNIE SECHRIST, OFFICIALLY AND INDIVIDUALLY, ALL JOINTLY AND SEVERALLY, DEFENDANTS

No. COA02-716

(Filed 1 July 2003)

**1. Appeal and Error— appealability—denial of motion to add defendants—possibility of separate trials**

A substantial right was affected and defendant could immediately appeal where the trial court allowed plaintiff's motion to add two claims but denied his motion to add two individual defendants. Plaintiff may bring separate actions against these defendants with the possibility of two trials and inconsistent verdicts.

**2. Parties— motion to add denied—undue delay or prejudice**

The denial of plaintiff's motion to amend his complaint to add two defendants was not an abuse of discretion where the court found that the amendment would cause undue delay or prejudice to defendants.

Judge HUNTER dissenting.

Appeal by plaintiff from order entered 7 February 2002 by Judge Catherine Eagles in Rockingham County Superior Court. Heard in the Court of Appeals 12 May 2003.

*Gray, Newell, Johnson & Blackmon, L.L.P., by Angela Newell Gray, for plaintiff-appellant.*

*Foley & Lardner, by Latasha A. Garrison, pro hac vice, for defendant-appellee Johnson Controls, Inc.*

EAGLES, Chief Judge.

Lonnell Carter ("plaintiff") appeals from an order denying his motion to amend his complaint to add two individual defendants. After careful consideration of the briefs and record, we affirm.

Rockingham County Board of Education ("Board") employed plaintiff in December 1996 to work as a custodian for the school system. Beginning in August 2000, plaintiff performed custodial services at the S.C.O.R.E. Center in Wentworth. On 20 November 2000, Cliff Lauten ("Lauten") and Larry Clark ("Clark"), two employees of Johnson Controls, Inc., allegedly saw the plaintiff engaged in "improper conduct" with an unidentified individual on school property. The Board contracted with Johnson Controls, Inc. ("Johnson Controls") to maintain the heating, ventilation and air conditioning systems at their schools.

Lauten and Clark informed Lonnie Sechrist ("Sechrist"), Assistant Superintendent for Human Resources for Rockingham County Schools, that they observed plaintiff engaging in "improper conduct" with an unidentified person on school property. The Board and Sechrist "removed [plaintiff] from school property" and terminated plaintiff's employment.

Plaintiff commenced this action on 6 June 2001 against the Board, Sechrist, and Johnson Controls alleging negligent supervision, tortious interference with business relations, defamation, wrongful discharge in violation of G.S. § 143-422.2, and unfair and deceptive trade practices. On or about 24 September 2001, plaintiff received the Board's interrogatory responses which identified Lauten and Clark as the individuals who reported the alleged incident of "improper conduct" to Sechrist. On 19 November 2001, plaintiff moved to amend his complaint to add the claims of intentional infliction of emotional distress and negligent infliction of emotional distress and to add Lauten and Clark as defendants.

The trial court heard plaintiff's motion to amend at the 22 January 2002 Civil Session of Rockingham County Superior Court before Judge Catherine Eagles. The trial court granted plaintiff's motion to amend his complaint to add the additional claims and denied plaintiff's motion to add the individual defendants. Plaintiff appeals.

On appeal, plaintiff contends that the trial court's interlocutory order affects a substantial right and is immediately appealable and that the trial court erred in denying his motion to amend his com-

**CARTER v. ROCKINGHAM CTY. BD. OF EDUC.**

[158 N.C. App. 687 (2003)]

plaint to add two individual defendants. After careful consideration, we affirm.

[1] Plaintiff first contends that the interlocutory order is immediately appealable because it affects a substantial right. Plaintiff argues that he will be able to bring the negligent and intentional infliction of emotional distress claims against Clark and Lauten in a separate action. Plaintiff contends that the possibility of inconsistent verdicts exists if his appeal is not allowed. Plaintiff further argues that if the denial of his motion to amend is affirmed, the statute of limitations will prevent plaintiff from bringing a defamation action against Clark and Lauten.

"An order is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the rights of all the parties involved in the controversy." *Flitt v. Flitt*, 149 N.C. App. 475, 477, 561 S.E.2d 511, 513 (2002). "[A]n order denying a motion to amend pleadings is an interlocutory order, and is not immediately appealable." *Buchanan v. Rose*, 59 N.C. App. 351, 352, 296 S.E.2d 508, 509 (1982). However, a party may appeal an interlocutory order when "(1) the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to [G.S.] § 1A-1, Rule 54(b); or (2) when the challenged order affects a substantial right that may be lost without immediate review." *McConnell v. McConnell*, 151 N.C. App. 622, 624, 566 S.E.2d 801, 803 (2002). "Whether a substantial right is affected is determined on a case-by-case basis and should be strictly construed." *Flitt*, 149 N.C. App. at 477, 561 S.E.2d at 513. "[T]he right to avoid the possibility of two trials on the same issues is a substantial right that may support immediate appeal." *Alexander Hamilton Life Ins. Co. of Am. v. J&H Marsh & McClennan, Inc.*, 142 N.C. App. 699, 701, 543 S.E.2d 898, 900 (2001).

Here, the trial court allowed plaintiff's motion to add the two claims of intentional and negligent infliction of emotional distress. The statute of limitations for these claims is three years. *See* G.S. § 1-52(5) (2001). The statute of limitations has not expired on these claims. Plaintiff may bring a separate action against Clark and Lauten for intentional and negligent infliction of emotional distress. The possibility of two trials on the same issues exists. Accordingly, on these facts, we hold a substantial right is affected and the trial court's order denying plaintiff's motion to add Clark and Lauten is immediately appealable.

**[2]** Plaintiff next contends that the trial court erred in denying his motion to amend his complaint to add two individual defendants. Plaintiff argues that at the time his complaint was filed, he did not know the identity of Clark and Lauten. Plaintiff argues that as soon as he received the Board's interrogatory responses identifying Clark and Lauten, he moved to amend his complaint to add them as defendants. Plaintiff further argues that Johnson Controls, the Board, and Sechrist did not show how they would be materially prejudiced by the amendment. We disagree.

Rule 15(a) of the North Carolina Rules of Civil Procedure states that:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within 30 days after service of the amended pleading, unless the court otherwise orders.

G.S. § 1A-1, Rule 15(a) (2001). "A motion to amend the pleadings is addressed to the sound discretion of the trial court." *Mabrey v. Smith*, 144 N.C. App. 119, 121, 548 S.E.2d 183, 185-86, *disc. review denied*, 354 N.C. 219, 554 S.E.2d 340 (2001). "The exercise of the court's discretion is not reviewable absent a clear showing of abuse." *Development Enterprises v. Ortiz*, 86 N.C. App. 191, 195, 356 S.E.2d 922, 925, *disc. review denied*, 320 N.C. 630, 360 S.E.2d 84 (1987). The party opposing the amendment has the burden to establish that it would be prejudiced by the amendment. *Mauney v. Morris*, 316 N.C. 67, 72, 340 S.E.2d 397, 400 (1986). "Reasons justifying denial of an amendment are (a) undue delay, (b) bad faith, (c) undue prejudice, (d) futility of amendment, and (e) repeated failure to cure defects by previous amendments." *Martin v. Hare*, 78 N.C. App. 358, 361, 337 S.E.2d 632, 634 (1985).

Here, defendants Johnson Controls, the Board, and Sechrist argued at the hearing that plaintiff's amendment should be denied because it was futile because the plaintiff's own deposition refuted allegations necessary for the additional claims, that plaintiff made his motion late in the proceedings, and that plaintiff had already been

deposed. In denying plaintiff's motion to add Clark and Lauten, the trial court stated that:

> [a]s to the new parties, it seems to me totally clear that you would have to put the trial off because these people would have to be served, and then they would have 30 days to answer, and then they could get an automatic extension, and then—I just don't see—you know, you can deal with that otherwise, I think.

From this, we conclude that the trial court found that the amendment to add the parties would have caused undue delay or undue prejudice to defendants. "[P]roper reasons for denying a motion to amend include undue delay by the moving party and unfair prejudice to the nonmoving party." *Delta Env. Consultants of N.C. v. Wysong & Miles Co.*, 132 N.C. App. 160, 166, 510 S.E.2d 690, 694, *disc. review denied*, 350 N.C. 379, 536 S.E.2d 70 (1999). We can discern no abuse of discretion in the trial court's decision to deny plaintiff's motion to add Clark and Lauten as defendants.

Accordingly, the decision of the trial court is affirmed.

Affirmed.

Judge LEVINSON concurs.

Judge HUNTER dissents.

HUNTER, Judge, dissenting.

I respectfully dissent from the majority's opinion which affirms the trial court's decision to deny plaintiff's motion to amend his complaint to add two individual defendants, Lauten and Clark.

Before expounding upon the reasons for my disagreement with the majority, I believe it is important to review the procedural history of this case, paying particular attention to the proximity of relevant dates. Lauten and Clark reported plaintiff's alleged improper conduct on 20 November 2000. Plaintiff commenced his action against the Board, Sechrist, and Johnson Controls on 6 June 2001. On 21 September 2001, plaintiff received interrogatories from those defendants that identified Lauten and Clark as his accusers. Not having known the identity of his accusers prior to receiving the interrogatories, plaintiff moved to amend his complaint to add these individuals as defendants on 19 November 2001. The trial court filed an order on

28 December 2001 that (1) scheduled any pending motions for hearing on 21 January 2002, (2) required discovery to be completed by 22 March 2002, and (3) set the trial date for 15 April 2002, with an alternate trial date of 8 July 2002. All pending motions were actually heard on 22 January 2002, and the trial court denied plaintiff's motion to amend his complaint to add Lauten and Clark as defendants entered on 7 February 2002.

As recognized by the majority, " '[a] motion to amend is addressed to the [sound] discretion of the trial court. Its decision will not be disturbed on appeal absent a showing of abuse of discretion.' " *Isenhour v. Universal Underwriters Ins. Co.*, 345 N.C. 151, 154, 478 S.E.2d 197, 199 (1996) (quoting *Henry v. Deen*, 310 N.C. 75, 82, 310 S.E.2d 326, 331 (1984)). "However, amendments should be freely allowed unless some material prejudice to the other party is demonstrated. The burden is upon the opposing party to establish that that party would be prejudiced by the amendment." *Mauney v. Morris*, 316 N.C. 67, 72, 340 S.E.2d 397, 400 (1986) (citations omitted).

Here, defendants have failed to establish how allowing plaintiff to amend his complaint to add Lauten and Clark as defendants would have prejudiced them in any way. During the hearing on plaintiff's motion, defendants argued the motion should be denied solely on the basis that discovery was essentially completed and it would be "a tremendous amount of waste of time and money[]" to engage in additional discovery or redo discovery. However, this Court has held that "[t]he fact that additional discovery may be required . . . does not amount to prejudice or make the delay 'undue.' " *Coffey v. Coffey*, 94 N.C. App. 717, 723, 381 S.E.2d 467, 471 (1989). This holding is especially relevant in the instant case considering the parties had until 22 March 2002 to complete discovery, and the only discovery that had been officially completed at the time of the hearing was the deposition of plaintiff. Three additional depositions (two of which were Lauten and Clark) were scheduled for 22 January 2002, the day plaintiff's motion to amend was heard, and a few interrogatory responses from the Board were still outstanding.

Moreover, plaintiff's motion to amend was filed within the applicable statute of limitations period for each claim raised in the action; therefore, plaintiff could have filed a new complaint initiating a separate action against these defendants instead of filing a motion to amend. By granting the motion to amend, the court would have "promoted judicial economy by avoiding the necessity for separate trials or for plaintiff to file first a separate complaint and then a motion to

join the two actions." *Mauney*, 316 N.C. at 72, 340 S.E.2d at 400. Instead, by the court denying the motion, plaintiff lost his opportunity to bring a defamation action against Lauten and Clark because his motion to amend was filed one day before the statute of limitations on that claim expired. Defendants failed to show they were prejudiced by plaintiff's choice.

Accordingly, I would reverse the trial court's decision denying plaintiff's motion to amend his complaint because defendants failed to meet their burden of establishing how they would be prejudiced by the addition of Lauten and Clark.