JOHNNY WALL AND WIFE, MICHELLE WALL, PLAINTIFFS v. FRANK B. FRY, KAYE FRY, CHRISTOPHER B. GARNER, AND HIGH ROCK REALTY, INC., DEFENDANTS

No. COA02-1426

(Filed 6 January 2004)

## 1. Vendor and Purchaser— breach of contract—purchase of lot with lake access—summary judgment

The trial court erred by granting summary judgment in favor of defendants on plaintiffs' breach of contract claim regarding the purchase of a lot that allegedly included a promise of access to a lake, and therefore the award of costs and attorney fees to defendants is reversed, because plaintiffs' evidence showed that: (1) plaintiffs were induced to inquire about the property based upon a sign at the entrance to the subdivision advertising that all lots had lake access, and the sign remained posted even after defendants recorded amended plats eliminating the planned lake access point; (2) when plaintiffs viewed the lot they later purchased, they were informed that lake access had not yet been approved, and a jury could find that this statement indicated that the approval process was ongoing; (3) both the contract to purchase and the deed conveying the lot from defendants to plaintiffs referenced a plat showing an area designated as a private boat ramp, and neither the contract or deed made any reference to the amended plat eliminating the private boat ramp; and (4) the deed incorporated by reference the restrictive covenants which promised maintenance of a lake access area. ·

## 2. Fraud— purchase of lot with lake access—punitive damages—summary judgment

The trial court did not err by granting summary judgment in favor of defendants on plaintiffs' fraud claim regarding the purchase of a lot that allegedly included a promise of access to a lake because plaintiffs failed to make a sufficient showing that they suffered damages, and thus, plaintiffs' claim for punitive damages based on that fraud claim must also necessarily fail.

## 3. Unfair Trade Practices— purchase of lot with lake access— summary judgment

The trial court did not err by granting summary judgment in favor of defendants on plaintiffs' unfair and deceptive trade practices claim regarding the purchase of a lot that allegedly included a promise of access to a lake, because plaintiffs failed to make a sufficient showing that they suffered damages.

## 4. Pleadings— motion to amend complaint—undue delay

The trial court did not abuse its discretion by denying plaintiffs' motion to amend their complaint to add claims for breach of the restrictive covenants and negligent misrepresentation, because: (1) undue delay is a proper reason for denying a motion to amend a pleading; and (2) plaintiffs filed their complaint 21 February 2001 and did not move to amend their complaint until 17 April 2002, following the filing of motions for summary judgment by defendants.

Appeal by plaintiffs from orders entered 8 May 2002 and 5 June 2002 by Judges Susan C. Taylor and Christopher M. Collier, respectively, in Davidson County Superior Court. Heard in the Court of Appeals 13 October 2003.

*Adams Kleemeier Hagan Hannah & Fouts, P.L.L.C., by David S. Pokela, for plaintiff-appellants.*

*No brief for defendant-appellees.*

HUNTER, Judge.

Johnny Wall and Michelle Wall ("plaintiffs") appeal from orders (1) filed 8 May 2002 granting summary judgment to Frank B. Fry and Kaye Fry ("defendants") as well as denying plaintiffs' motion to amend the pleadings, and (2) filed 5 June 2002 awarding costs and attorneys' fees to defendants. Plaintiffs' appeal as to High Rock

Realty, Inc. was dismissed by this Court on 12 June 2003, and consequently we do not address assignments of error related to plaintiffs' claims against High Rock Realty, Inc. Furthermore, Christopher B. Garner was dismissed from this action without prejudice on 4 May 2001. Because the trial court erred in granting summary judgment for defendants on plaintiffs' breach of contract claim, we reverse that portion of summary judgment and the award of costs and attorneys' fees to defendants.

The evidence of record tends to show defendants obtained land on High Rock Lake in Davidson County, North Carolina, in order to develop a subdivision named Fox Creek. Plats filed on 24 July 1996 show a strip of land in Fox Creek and bordering on High Rock Lake designated as a "Private Boat Ramp." These plats were recorded in plat book 26 at pages 89, 90, 91. On the same day, defendants recorded restrictive covenants for Fox Creek. Article III of the restrictive covenants states: "The Declarant plans to provide for the continued maintenance of the . . . boat ramp and pier, including the area designated as 'lake access,' . . . ." Defendants posted a sign advertising Fox Creek, which stated, "All Lots with Lake Access." Defendants subsequently became agents of High Rock Realty, Inc. and entered into agreements giving High Rock Realty, Inc. the exclusive right to list and sell the lots in Fox Creek. Although defendants made attempts to obtain rights to access High Rock Lake from Fox Creek, those rights were never obtained. On 9 May 1997, a revised plat was filed and recorded at plat book 26, page 195 eliminating the "Private Boat Ramp" by incorporating it into an adjoining lot.

Plaintiffs inquired about purchasing a lot in Fox Creek in April 1998, based upon the sign, which defendants had not removed, indicating that all lots had lake access. Defendants informed plaintiffs that lake access and a pier had not yet been approved by the company that regulated access to High Rock Lake. On 10 May 1998, plaintiffs and defendants entered into a standard form Offer to Purchase and Contract for a lot in Fox Creek for $16,000.00, which appears to refer only to the maps recorded in plat book 26, pages 89-91. A general warranty deed conveying the lot from defendants to plaintiffs was recorded on 6 July 1998. The deed stated that a "map showing the . . . property is recorded in Plat Book 26 page[s] 89-91." The deed also referenced that the conveyance was subject to the restrictive covenants filed by defendants. There was no reference to the revised plat recorded at plat book 26, page 195. An appraisal of the lot dated 11 June 1998 valued the lot at $16,000.00.

Upon discovering, after the purchase, that they would have no lake access, plaintiffs brought suit claiming breach of contract, fraud, and unfair and deceptive trade practices alleging that they had been promised access to High Rock Lake as part of the contract to purchase the lot. On 10 April 2002, defendants filed a motion for summary judgment and on 17 April 2002, plaintiffs moved to amend their complaint to add additional claims for breach of the restrictive covenants and negligent misrepresentation. Following a 29 April 2002 hearing, defendants' summary judgment motion was granted on all claims and plaintiffs' motion to amend the complaint was denied. Subsequently, on 5 June 2002, the trial court granted defendants' motion for costs and attorneys' fees.

The issues presented are whether: (I) there was a genuine issue of material fact as to whether the contract to purchase the lot included a promise of access to the lake; (II) there was evidence of damages to support (A) plaintiffs' fraud claim, or (B) plaintiffs' unfair or deceptive trade practices claim; and (III) the trial court abused its discretion by denying plaintiffs' motion to amend the complaint.

### Summary Judgment Standard

The law of summary judgment in North Carolina was laid out in detail by our Supreme Court in *Lowe v. Bradford*, 305 N.C. 366, 289 S.E.2d 363 (1982). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001). "A party moving for summary judgment may prevail if it meets the burden (1) of proving an essential element of the opposing party's claim is nonexistent, or (2) of showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim." *Lowe*, 305 N.C. at 369, 289 S.E.2d at 366. "If the moving party satisfies its burden of proof, then the burden shifts to the non-moving party to 'set forth *specific facts* showing that there is a genuine issue for trial[,]' " or, alternatively, must produce an excuse for not doing so. *Id*. at 369-70, 289 S.E.2d at 366 (quoting N.C. Gen. Stat. § 1A-1, Rule 56(e)). "The nonmoving party 'may not rest upon the mere allegations of his pleadings.' " *Id*. at 370, 289 S.E.2d at 366 (quoting N.C. Gen. Stat. § 1A-1, Rule 56(e)). Thus where,

the moving party by affidavit or otherwise presents materials in support of his motion, it becomes incumbent upon the opposing

party to take affirmative steps to defend his position by proof of his own. If he rests upon the mere allegations or denial of his pleading, he does so at the risk of having judgment entered against him.

*Id.*

## I.

[1] Plaintiffs first contend that the trial court erred in granting summary judgment for defendants on the breach of contract claim. " 'The elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract.' " *Lake Mary Ltd. Part. v. Johnston*, 145 N.C. App. 525, 536, 551 S.E.2d 546, 554 (2001) (quoting *Poor v. Hill*, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000)). Furthermore, this Court has recognized that:

> A developer may not by the use of recorded plats and restrictive covenants create the illusion of a high quality subdivision and then shield itself from responsibility by claiming that it did not promise to construct the amenities implied by the restrictive covenants and that these covenants do not give rise to an affirmative obligation.

*Lyerly v. Malpass*, 82 N.C. App. 224, 229, 346 S.E.2d 254, 258 (1986):

In this case there is no question that the parties entered into a valid contract for the purchase of the lot in Fox Creek. The only dispute is whether as a term of that contract defendants promised to provide access to High Rock Lake. The plaintiffs' evidence of record shows that plaintiffs were induced to inquire about the property based upon the sign at the entrance to the subdivision advertising that all lots had lake access, which remained posted despite the recording of the amended plat. When plaintiffs viewed the lot they later purchased, they were informed that lake access had not *yet* been approved. A jury could find that this statement indicated that the approval process was ongoing. These events all occurred after defendants recorded amended plats eliminating the planned lake access point.

Furthermore, both the contract to purchase and the deed conveying the lot from defendants to plaintiffs referenced the plat recorded at plat book 26, pages 89-91. This plat showed an area designated as a private boat ramp. Neither the contract to purchase nor the deed made any reference to the amended plat eliminating the pri-

vate boat ramp. Moreover, the deed also incorporated by reference the restrictive covenants, which promised maintenance of a lake access area.

In *Lyerly*, this Court held that evidence of plats showing a boat basin, when combined with restrictive covenants requiring lot owners to form a homeowners association that would provide for the maintenance of that basin, and oral representations by the seller that the boat basin would be dredged supported a judgment against the seller for breach of contract based upon an implied promise. *Lyerly*, 82 N.C. App. at 229, 346 S.E.2d at 258. We noted in that case that

> the restrictive covenant at issue in the instant case is not substantively the same type covenant historically contained in restrictive covenants such as setback lines, height of fences, and size of houses, all of which place a limitation on the owner. Here by contrast, the grantees are burdened with an affirmative obligation to maintain an amenity, the completion of which was an inducement for buying in the subdivision.

*Id.* The same is true in the case *sub judice*. Thus, we conclude that plaintiffs presented sufficient evidence that the contract included a promise by defendants to provide access to High Rock Lake so as to constitute the specific facts necessary to withstand summary judgment. Accordingly, we reverse summary judgment on plaintiffs' breach of contract claim and remand this case to the trial court.

## II.

### A.

[2] Plaintiffs next claim the trial court erred in granting summary judgment on their fraud claim. We disagree.
The elements of fraud are:

> "(a) that defendant made a representation relating to some material past or existing fact; (b) that the representation was false; (c) that when he made it defendant knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion; (d) that the defendant made the false representation with the intention that it should be acted on by the plaintiff; (e) that the plaintiff reasonably relied upon the representation and acted upon it; and (f) that the plaintiff suffered injury."

*Bolick v. Townsend Co.*, 94 N.C. App. 650, 652, 381 S.E.2d 175, 176 (1989) (citations omitted) (emphasis omitted). In this case, plaintiffs

produced evidence that defendants knowingly made false representations inducing plaintiffs to purchase a lot in Fox Creek by establishing that defendants made these representations after recording an amended plat eliminating boat access to the lake and then failed to reference this amended plat in selling or conveying the lot to plaintiffs.

In order to prove fraud, however, a plaintiff is also required to prove that he suffered damages because of his reliance on the defendant's representation. See Davis v. Sellers, 115 N.C. App. 1, 10, 443 S.E.2d 879, 884 (1994). In this case, the evidence of record shows that plaintiffs purchased the lot for $16,000.00 and that an appraisal of the property conducted approximately one month prior to the purchase valued the property at $16,000.00. Thus, defendants presented evidence challenging plaintiffs' allegation of damages by showing that plaintiffs received property of the same value as the purchase price.

At this point it became incumbent upon plaintiffs, in order to survive summary judgment, to present specific facts supporting their allegation of damages, or an excuse for not doing so. Instead, plaintiffs, as they concede in their brief to this Court, relied on the allegations in the unverified complaint and a forecast of damages by plaintiffs' counsel. See Strickland v. Doe, 156 N.C. App. 292, 297, 577 S.E.2d 124, 129 (2003) (in summary judgment hearing, arguments of trial counsel may be considered, but not as facts or evidence); see also Huss v. Huss, 31 N.C. App. 463, 466, 230 S.E.2d 159, 161 (1976) (information adduced from trial counsel cannot support summary judgment motion). As such, plaintiffs have failed to make a sufficient showing that they suffered damages, and thus, the trial court correctly granted summary judgment for defendants on the fraud claim. Furthermore, because plaintiffs' claim for fraud fails, plaintiffs' claim for punitive damages based on that fraud claim must also necessarily fail.

B.

[3] Plaintiffs also contend that summary judgment was entered incorrectly on their claim for unfair and deceptive trade practices. As with a fraud claim, however, plaintiffs must show they suffered some damage, see Edwards v. West, 128 N.C. App. 570, 574, 495 S.E.2d 920, 923 (1998), and as discussed above they have failed to make a sufficient showing that they suffered any injury.

BELCHER v. FLEETWOOD ENTERS., INC.

[162 N.C. App. 80 (2004)]

## III.

**[4]** Plaintiffs finally assign error to the trial court's denial of their motion to amend their complaint to add claims for breach of the restrictive covenants and negligent misrepresentation. A ruling on a motion to amend a pleading following the time allowed for amending pleadings as a matter of course is left to the sound discretion of the trial court. *See Isenhour v. Universal Underwriters Ins. Co.*, 345 N.C. 151, 154, 478 S.E.2d 197, 199 (1996). Undue delay is a proper reason for denying a motion to amend a pleading. *See id.* In this case, the record shows plaintiffs filed their complaint 21 February 2001 and did not move to amend their complaint until 17 April 2002, following the filing of motions for summary judgment by High Rock Realty, Inc. and defendants. As such, the trial court did not abuse its discretion in denying plaintiffs leave to amend their complaint.

Accordingly, we reverse summary judgment on plaintiffs' breach of contract claim, but affirm the grant of summary judgment on plaintiffs' remaining claims and the denial of plaintiffs' motion to amend their complaint. Because we reverse the trial court's grant of summary judgment on the breach of contract claim, we also reverse the award of costs and attorneys' fees to defendants.

Reversed and remanded in part. Affirmed in part.

Chief Judge EAGLES and Judge GEER concur.