REID A. PAGE, JR. AND WIFE, MARY ANN PAGE, PLAINTIFFS V. BALD HEAD ASSO-
CIATION, JAMES E. WILSON, JUDY BRAWNER, KAREN CHRISTIAN, DALE
GEORGIADE, JACK NICHOLS, AND BILL WADDELL, SR., IN THEIR OFFICIAL CAPAC-
ITY AS DIRECTORS OF BALD HEAD ASSOCIATION, DEFENDANTS

No. COA04-649

(Filed 3 May 2005)

**1. Deeds— challenge to homeowner's assessment—necessary
parties—all members of association**

    The trial court did not err by dismissing a challenge to an assessment by a homeowner's association for failure to join all of the property owners in the association. Under *Karner v. Roy White Flowers, Inc.*, 351 N.C. 433, all property owners affected by a residential use restrictive covenant were necessary parties to an action to invalidate that covenant.

PAGE v. BALD HEAD ASS'N

[170 N.C. App. 151 (2005)]

**2. Deeds— restrictive covenants—challenge to sign restric-
tion—no issue of fact**

Summary judgment for defendants was proper in an action
challenging changes to homeowner's covenants involving "for
sale" signs and new assessment provisions. Unambiguous stand-
ards were established for the size and style of signs to be ap-
proved for use by all residents, enforcement of the restrictions
against plaintiffs required no exercise of discretionary authority,
and there was no issue of material fact as to the validity of the
covenants or the reasonableness of their application to plaintiffs.

Appeal by plaintiffs from an order entered 27 February 2003 and
judgment entered 27 January 2004 by Judges D. Jack Hooks, Jr. and
Gregory A. Weeks, respectively, in Brunswick County Superior Court.
Heard in the Court of Appeals 27 January 2005.

*Bruce T. Cunningham, Jr. for plaintiff-appellants.*

*Hedrick & Morton, L.L.P., by G. Grady Richardson, Jr., for
defendant-appellees.*

HUNTER, Judge.

Reid A. Page, Jr. and Mary Ann Page ("plaintiffs") appeal from
(1) an order of dismissal without prejudice dated 27 February 2003
of their action for a declaratory judgment, and (2) a summary
judgment dated 27 January 2004 on their action for damages against
the Bald Head Association and its individual directors ("defend-
ants"). As we find the trial courts' actions to be proper as to the dis-
missal and the grant of summary judgment, we affirm for the reasons
stated herein.

Bald Head Island is an island community located off the coast of
southeastern North Carolina in Brunswick County. Development in
the community is regulated by both a municipal government and
defendants' non-profit property owners' association. Properties on
Bald Head Island are subject to certain covenants, conditions, and
restrictions. Many of these provisions, which are enforced by defend-
ant association, impose restrictions on the development and use of
property units on the island. Others contain guidelines for computing
and levying general and special assessments against property owners.

Plaintiffs have operated a real estate business on Bald Head
Island for nearly thirty years, listing and selling properties located on

PAGE v. BALD HEAD ASS'N

[170 N.C. App. 151 (2005)]

the island. During that time, plaintiffs obtained approval from defendants and the Village of Bald Head Island to use twelve-inch by twelve-inch signs to identify properties for sale. In July 1998, defendants adopted an addendum to its sign guidelines that limited the size of "for sale" signs to seven and a half (7 1/2) inches in width and three and three quarter (3 3/4) inches in height. In addition, all signs were required to conform to a standard "Bollard Cap Design" and were to be constructed of grey-stained weathered wood with a top painted in light blue. The addendum stated that as of 23 July 1998, all new twelve-inch by twelve-inch signs would no longer be approved by the Bald Head Association Architectural Review Board.

In February 2000, defendants recorded an amended declaration of covenants. The revised covenants provided for a general assessment to be levied against all units "at a level which is reasonably expected to produce total income for the Association equal to the total budgeted Common Expenses, including reserves." This provision replaced the earlier covenant, which had provided that assessments could not exceed one point five percent (1.5%) of the taxable value of the property without a vote of the membership.

After the new sign regulations were passed, defendants provided plaintiffs with notice that their existing signs violated the new guidelines. Plaintiffs refused to remove their existing signs, leading defendants to assess and levy fines against them. Beginning in 2000, plaintiffs ceased paying annual dues on several lots, resulting in liens being placed on each of the subject properties.

In July 2002, plaintiffs filed an action for (1) a declaratory judgment to have the new assessment provisions declared null and void, (2) injunctive relief to prevent defendants from removing plaintiffs' "for sale" signs, and (3) damages for unfair and deceptive business practices and tortious interference with their business relationships.

On 2 August 2002, defendants filed an answer denying the allegations in the complaint, moving for dismissal for failure to join all necessary parties, and counterclaiming for (1) payment of annual homeowners dues and annual assessments, (2) payment of special assessments for violations of the sign ordinance, and (3) attorneys' fees and expenses. In February 2003, the Brunswick County Superior Court dismissed without prejudice the portion of plaintiffs' complaint seeking to invalidate the assessment provisions for failure to join all necessary parties. Defendants then moved for summary judgment in favor of their counterclaims and denying plaintiffs' remaining claims.

In January 2004, the Brunswick County Superior Court granted defendants' motions. Thereafter, plaintiffs gave notice of appeal to this Court from both (1) the order dismissing plaintiffs' challenge of the assessment provision, and (2) the grant of summary judgment as to the validity and enforceability of defendants' sign restrictions.

## I.

[1] In their first assignment of error, plaintiffs argue that the trial court erred in dismissing the assessment claim for failure to join all property owners on Bald Head Island. We disagree.

In *Karner v. Roy White Flowers, Inc.*, 351 N.C. 433, 527 S.E.2d 40 (2000), the Supreme Court of North Carolina ruled that all property owners affected by a residential use restrictive covenant were necessary parties to an action to invalidate that covenant. *Id.* at 438-40, 527 S.E.2d at 43-44 (discussing the applicability of N.C. Gen. Stat. § 1A-1, Rule 19 regarding joinder of parties). Plaintiffs acknowledge that *Karner* is controlling in this case and concede that this Court is bound by prior decisions of our Supreme Court. *See Dunn v. Pate*, 334 N.C. 115, 118, 431 S.E.2d 178, 180 (1993). Accordingly, we find this assignment of error to be without merit and affirm the trial court's dismissal.

## II.

[2] Plaintiffs next contend summary judgment was improper in this case as there was a material issue of fact as to whether the actions taken by defendants pursuant to the amended sign restrictions were valid and within defendants' authority to act. For the reasons stated herein, we disagree.

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file tend to show that there is no genuine issue as to any material fact, such that a party is entitled to a judgment as a matter of law. *Wall v. Fry*, 162 N.C. App. 73, 76, 590 S.E.2d 283, 285 (2004) (quoting N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001)). A party may prevail on summary judgment if (1) it can prove that an essential element of the opposing party's claim is nonexistent, or (2) it can demonstrate through discovery that the opposing party has failed to produce evidence supporting an essential element of its claim. *Id.* Once the moving party satisfies its burden of proof, the burden then shifts to the nonmoving party to set forth specific facts showing a genuine issue of material fact, or to provide a valid excuse for not doing so. *Id.* If the nonmoving party does

not take affirmative steps to defend its position with additional proof and instead rests on mere allegations or a denial of the pleadings, that party risks having judgment entered against it. *Id.* at 76-77, 590 S.E.2d at 285.

Restrictive covenants are considered contractual in nature and acceptance of a valid deed incorporating the covenants implies the existence of a valid contract. *See Rodgerson v. Davis*, 27 N.C. App. 173, 178, 218 S.E.2d 471, 475 (1975). Restrictive covenants, "clearly and narrowly drawn," are recognized as a valid tool for achieving a common development scheme. *Hobby & Son v. Family Homes*, 302 N.C. 64, 71, 274 S.E.2d 174, 179 (1981). Parties to a restrictive covenant may use almost any means they see fit to develop and enforce the restrictions contained therein. *Wise v. Harrington Grove Comty. Ass'n*, 357 N.C. 396, 401, 584 S.E.2d 731, 736 (2003).

Judicial enforcement of a covenant will occur as it would in an action for enforcement of "any other valid contractual relationship." *Sheets v. Dillon*, 221 N.C. 426, 431, 20 S.E.2d 344, 347 (1942). Because they infringe upon the unrestrained use of land, however, restrictive covenants are only valid "so long as they do not impair the enjoyment of the estate and are not contrary to the public interest." *Karner*, 351 N.C. at 436, 527 S.E.2d at 42. Restrictive covenants are to be strictly construed and "all ambiguities will be resolved in favor of the unrestrained use of land." *Hobby & Son*, 302 N.C. at 70, 274 S.E.2d at 179. Nonetheless, a restrictive covenant "must be reasonably construed to give effect to the intention of the parties, and the rule of strict construction may not be used to defeat the plain and obvious purposes of a restriction." *Black Horse Run Ppty. Owners Assoc. v. Kaleel*, 88 N.C. App. 83, 85, 362 S.E.2d 619, 621 (1987). Thus, judicial enforcement of a restrictive covenant is appropriate at the summary judgment stage unless a material issue of fact exists as to the validity of the contract, the effect of the covenant on the unimpaired enjoyment of the estate, or the existence of a provision that is contrary to the public interest.

The record before us indicates that plaintiffs are owners of several properties on Bald Head Island. All properties on Bald Head Island are subject to restrictive covenants imposed by the developer of the island. Defendants contend that plaintiffs, by acquiring properties on the island, became bound to these restrictive covenants. Indeed, defendants contend that by obtaining properties on Bald Head Island, plaintiffs became members of defendant association and become obligated to pay annual assessments and any special assess-

ments, dues or fines authorized by the restrictive covenants. Plaintiffs do not dispute these allegations.

Articles 3 and 10 of defendants' Declaration of Covenants, Conditions and Restrictions state that all property owners are obligated to abide by certain rules and regulations as developed and passed by defendant association. These rules and regulations include guidelines for the use of real estate signs. The amended "for Sale Bollard Cap" guidelines adopted by defendants' architectural review board on 22 July 1998 were imposed on all real property owners subject to defendants' restrictive covenants, including plaintiffs. Plaintiffs, however, contend that the sign restrictions are unreasonable and thus invalid and unenforceable at law.

Plaintiffs fail to show the existence of any material issue of fact as to the validity of the restrictive covenants and the unreasonableness of their enforcement as to plaintiffs. Nowhere do plaintiffs make any argument or cite any authority supporting the proposition that these regulations impair the enjoyment of the estate or violate the public interest. Similarly, plaintiffs do not argue against the covenant's validity as a contract or that defendants failed to conform to required procedure in adopting the amended guidelines. Instead, plaintiffs rely solely on this Court's decision in *Smith v. Butler Mtn. Estates Property Owners Assoc.*, 90 N.C. App. 40, 367 S.E.2d 401 (1988), for the proposition that the restrictive covenants at issue here are invalid and unenforceable because they are not reasonable. *Id.* Specifically, plaintiffs contend that genuine issues of material fact exist as to the reasonableness of these restrictions as applied to them, sufficient to preclude an award of summary judgment.

Plaintiffs' reliance on *Butler Mtn.* is misplaced. In the present case, the covenants lay out explicit standards governing the size and style of approved signs. In contrast, the covenants at issue in *Butler Mtn.* provided broad discretion to the defendant homeowners' association to approve or deny home construction plans based on conformance with the existing development scheme. *See id.* at 41-42, 367 S.E.2d at 402 (describing the approval authority granted to the defendant property owners association). The *Butler Mtn.* Court relied on *Boiling Spring Lakes v. Coastal Services Corp.*, 27 N.C. App. 191, 218 S.E.2d 476 (1975), in stating that approval of building plans could not be arbitrary, but must be based on some standards, either contained within the covenants themselves, or otherwise clearly established. *Id.* Thus, covenants granting broad approval authority are enforceable "only if the exercise of the power in a par-

**IN RE B.N.H.**

[170 N.C. App. 157 (2005)]

ticular case is reasonable and in good faith." *Id.* at 196, 218 S.E.2d at 479. In the present case, unambiguous standards were established as to the size and style of signs to be approved for use by all residents of the island. Enforcement of the sign restriction as to plaintiffs required no exercise of discretionary authority. We find, therefore, no merit to plaintiffs' contention that an issue of material fact existed as to the enforcement of the sign restrictions.

In sum, we conclude the trial court properly dismissed plaintiffs' action to invalidate defendants' revised assessment covenants for failure to join all property owners subject to the covenants as necessary parties. We also find that as plaintiffs have failed to present any genuine issues of material fact concerning the validity or enforcement of the defendants' sign restrictions, the trial court did not err in granting summary judgment to the defendants on this issue.

Affirmed.

Judges BRYANT and JACKSON concur.