RUSSELL v. DONALDSON

[222 N.C. App. 702 (2012)]

ROBERT C. RUSSELL, JR., as Trustee for the ROBERT CLINTON RUSSELL, JR. REVOCABLE TRUST u/a/d March 14, 2003, and PAMELA JEAN FORTNER-DENHAM, as Trustee for the PAMELA JEAN FORTNER-DENHAM REVOCABLE TRUST u/a/d March 14, 2003, and ROBERT C. RUSSELL, JR., Individually, Plaintiffs v. ALEXANDER M. DONALDSON and wife, GEORGIA C. DONALDSON; DANIEL M. HOFFMAN and wife, CHERYL E. HOFFMAN; R. FERMAN WARDELL and wife, JOANA G. WARDELL; PHILLIP H. PEARCE and wife, ANN M. PEARCE; THOMAS T. SWAIN, JR. and wife, JUDITH H. SWAIN; and HUGHES WILSON GROGAN and STEVEN GRAY GROGAN, Trustees of the JOHN GRAY GROGAN FAMILY TRUST, established April 28, 2003, and THE FOREST AT BLOWING ROCK PROPERTY OWNERS ASSOCIATION, INC., Defendants

No. COA12-183

(Filed 4 September 2012)

**Deeds—restrictive covenants—commercial or business purposes—short term vacation rentals not prohibited**

The trial court did not err in a case involving the interpretation of restrictive covenants by granting defendants' motion for summary judgment and denying plaintiffs' motion for summary judgment. The provisions of the restrictive covenants prohibiting the use of real property for commercial or business purposes did not prohibit short term vacation rentals.

Appeal by plaintiff from judgment entered 4 November 2011 by Judge F. Lane Williamson in Caldwell County Superior Court. Heard in the Court of Appeals 14 August 2012.

*Miller & Johnson, PLLC, by Nathan A. Miller for plaintiff-appellants.*

*Wyrick Robbins Yates & Ponton, LLP, by K. Edward Greene and Tobias S. Hampson for defendant-appellees Alexander Donaldson and wife, Georgia C. Donaldson, and Daniel M. Hoffman.*

*Patrick, Harper & Dixon, LLP, by David W. Hood for defendant-appellee The Forest at Blowing Rock Property Owners Association, Inc.*

STEELMAN, Judge.

The provisions of the restrictive covenants prohibiting the use of real property for commercial or business purposes do not prohibit short term vacation rentals. The trial court properly granted summary judgment in favor of defendants.

**RUSSELL v. DONALDSON**

[222 N.C. App. 702 (2012)]

## I. Factual and Procedural History

Plaintiffs and the defendants, other than The Forest at Blowing Rock Property Owners Association, Inc., (POA) all own real property in The Forest at Blowing Rock, a residential development in Caldwell County, which is subject to restrictive covenants.

Item 1 of the restrictive covenants states: "All lots shall be used for one family residential purposes only and no duplexes or apartment houses shall be constructed or placed on any lot". On 2 November 2010, plaintiffs filed a complaint against defendants Wardell, Pearce, Swain, and Grogan, who each own a 1/4 undivided interest in the piece of real property known as Lot 40 of the Forest at Blowing Rock. Plaintiffs alleged that defendants Wardell, Pearce, Swain and Grogan are not one family and are in violation of the restrictive covenants. Similar allegations were made against defendants Donaldson and Hoffman.

Item 5 of the restrictive covenants states "No lots shall be used for business or commercial purposes[.]" Defendants Donaldson are the owners of Lot 10 of the Forest at Blowing Rock and defendants Hoffman are the owners of Lots 15 and 18. All three lots are encumbered by the restrictive covenants. Defendants Donaldson and Hoffman have entered into short term rental arrangements of their residences when they are not using them. Plaintiffs' complaint alleged that the short term rental activity by the Hoffmans and Donaldsons violated the restrictive covenants. On 20 January 2011, defendants Donaldson filed an answer and counterclaim seeking declaratory judgment interpreting the restrictive covenants to permit rental of the property for residential purposes and damages for trespass against plaintiffs. On 19 January 2011, defendants Hoffman filed an answer and a counterclaim for declaratory judgment.

POA has the duty to enforce the restrictive covenants. Plaintiffs' complaint alleged that POA was not enforcing the restrictive covenants and sought monetary damages. On 10 December 2010 POA answered and moved to dismiss.

On 15 August 2011, plaintiffs voluntarily dismissed their damages claim against POA. On 30 August 2011, POA moved for summary judgment. On 5 October 2011 defendants Wardell, Swain, Pearce and Grogan moved for summary judgment. On 17 October 2011, plaintiffs moved for summary judgment against all defendants. On 17 October 2011, defendants Hoffman and Donaldson filed a motion for summary judgment. On 24 October 2011, defendants Donaldson dismissed their

counterclaim for trespass. The trial court entered summary judgment in favor of all defendants on 4 November 2011.

Plaintiffs appeal.

## II. Motion for Summary Judgment

### A. Standard of Review

> Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party. If the movant demonstrates the absence of a genuine issue of material fact, the burden shifts to the nonmovant to present specific facts which establish the presence of a genuine factual dispute for trial.

*Metcalf v. Black Dog Realty, LLC*, 200 N.C. App. 619, 629, 684 S.E.2d 709, 717 (2009).

### B. Analysis

Appellees have used the residences situated on their real property as short-term vacation rentals. The trial court determined that the restrictive covenants for The Forest at Blowing Rock do not preclude vacation rentals under the provision that "no lots shall be used for commercial or business purposes".

We first review the principles that guide our analysis of restrictive covenants. "[J]udicial enforcement of a restrictive covenant is appropriate at the summary judgment stage unless a material issue of fact exists as to the validity of the contract, the effect of the covenant on the unimpaired enjoyment of the estate, or the existence of a provision that is contrary to the public interest." *Page v. Bald Head Ass'n*, 170 N.C. App. 151, 155, 611 S.E.2d 463, 466 (2005).

"While the intentions of the parties to restrictive covenants ordinarily control the construction of the covenants, such covenants are not favored by the law, and they will be strictly construed to the end that all ambiguities will be resolved in favor of the unrestrained use of land." *Hobby & Son v. Family Homes*, 302 N.C. 64, 70, 274 S.E.2d 174, 179 (1981). "The rule of strict construction is grounded in sound consideration for public policy: It is in the best interests of society

that the free and unrestricted use and enjoyment of land be encouraged to its fullest extent." *Hobby & Son,* 302 N.C. at 71, 274 S.E.2d at 179.

"The law looks with disfavor upon covenants restricting the free use of property. As a consequence, the law declares that nothing can be read into a restrictive covenant enlarging its meaning beyond what its language plainly and unmistakably imports." *Wein II, LLC v. Porter,* 198 N.C. App. 472, 480, 683 S.E.2d 707, 713 (2009).

> "Sound judicial construction of restrictive covenants demands that if the intentions of the parties are to be followed, each part of the covenant must be given effect according to the natural meaning of the words, provided that the meanings of the relevant terms have not been modified by the parties to the undertaking." *J.T. Hobby & Son,* 302 N.C. at 71, 274 S.E.2d at 179 (citations omitted). "In interpreting ambiguous terms in restrictive covenants, the intentions of the parties at the time the covenants were executed ordinarily control, and evidence of the situation of the parties and the circumstances surrounding the transaction is admissible to determine intent." *Angel v. Truitt,* 108 N.C. App. 679, 681, 424 S.E.2d 660, 662 (1993) (citation and quotation marks omitted). "Intent is . . . properly discovered from the language of the document itself, the circumstances attending the execution of the document, and the situation of the parties at the time of execution." Id. at 682, 424 S.E. 2d at 662 (citation omitted)."

*Sanford v. Williams,* _____ N.C. App. _____ , _____, _____ S.E.2d _____ (2012).

The covenant at issue states, "No lots shall be used for business or commercial purposes[.]" We must determine if defendants' rental activity qualifies as a business or commercial purpose in violation of the covenant. We look to the natural meaning of "business or commercial purposes" *Hobby & Son,* 302 N.C. at 71, 274 S.E.2d at 170. In the instant case, the restrictive covenant and the surrounding context fail to define "business or commercial purpose." Plaintiff suggests looking at other North Carolina statutes to provide definitions of ambiguous words in the covenant. Plaintiff does not cite any authority in support of this proposition. Rather, when covenants are ambiguous, as in the instant case, all ambiguities will be resolved in favor of the unrestrained use of the land. *Hobby & Son,* 302 N.C. at 74, 274 S.E.2d at 181.

### i.  North Carolina Case Law

Our prior cases in North Carolina have dealt with "affirmative" covenants requiring the use of land for residential purposes. *Hawthorne v Realty Syndicate, Inc.*, 300 N.C. 660, 662, 268 S.E.2d 494, 496 (1980). Plaintiff cites us to *Walter v. Carignan*, 103 N.C. App. 364 (1991). However, the instant case deals with a "negative" covenant, prohibiting the use of land for business or commercial purposes. We hold that the cases cited by plaintiff are not sufficiently similar to the instant case to be binding authority. In the absence of persuasive and binding North Carolina cases, we examine the law of other states.

### ii.  Negative Covenant Cases from other Jurisdictions

In *Yogman v. Parrott*, 937 P.2d 1019, 1021 (Or. 1997), the Supreme Court of Oregon held that a restrictive covenant prohibiting the use of property for commercial enterprise was ambiguous. It held that the owners of the property could use the property for short term rental because the use was "not plainly within the provisions of the covenant." *Yogman*, 937 P.2d at 1023.

Similarly, in *Silsby v. Belch*, 952 A.2d 218, 222 (Me. 2008) the Supreme Judicial Court of Maine held that the owner's rental use of their property did not violate the covenant's prohibition against use "for any commercial purposes" because the covenant did not expressly forbid the activity.

Finally, *Slaby v. Mountain River Estates Residential Assoc., Inc.*, ____ So.3d ____ ,____, 2012 WL 1071634, (Ala. 2012) held that a covenant prohibiting commercial usage of property did not prohibit the rental of the property on a short term basis for residential purposes. "Neither [the] financial benefit nor the advertisement of the property or the remittance of a lodging tax transforms the nature of the use of the property from residential to commercial." *Slaby*, ____ SO.3d at ____.

Each of these cases deals with negative covenants and fact patterns that are nearly identical to the covenant and facts in the instant case. We find these authorities to be persuasive and hold that the short term rental of the properties does not violate the restrictive covenants.

### III.  Conclusion

Under North Carolina case law, restrictions upon real property are not favored. Ambiguities in restrictive covenants will be resolved

in favor of the unrestricted use of the land. A negative covenant, prohibiting business and commercial uses of the property, does not bar short-term residential vacation rentals. The trial court did not err in granting defendants' motion for summary judgment and in denying plaintiffs' motion for summary judgment.

Plaintiffs' brief makes no argument concerning the dismissal of its claim against defendants based upon Item 1 of the restrictions. Pursuant to Rule 28 (b)(6) of the Rules of Appellate Procedure, this argument is deemed abandoned.

AFFIRMED.

Judges McGEE and ERVIN concur.