IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-539

Filed: 19 January 2016

Wake County, No. 05 CVS 11195

GREENSHIELDS, INC., Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and THE ST. PAUL TRAVELERS COMPANIES, INC., Defendants.

Appeal by plaintiff from Order entered 3 February 2015 by Judge Howard E. Manning, Jr. in Wake County Superior Court. Heard in the Court of Appeals 19 October 2015.

> *BRENT ADAMS & ASSOCIATES, by Brenton D. Adams, for plaintiff.*
>
> *ELLIS & WINTERS LLP, by Jonathan A. Berkelhammer and Lenor Marquis Segal, for defendants.*

ELMORE, Judge.

Greenshields, Inc. (plaintiff) appeals from the trial court's order entered 3 February 2015 denying its motions to amend and granting Travelers Property Casualty Company of America and The St. Paul Travelers Companies, Inc.'s (defendants) motion to dismiss. After careful consideration, we affirm.

## I. Background

On 17 August 2004, a fire occurred in the building housing plaintiff's restaurant. At that time, plaintiff was insured under a policy issued by St. Paul

Travelers Companies, Inc., which is alleged to be the predecessor to Travelers Property Casualty Company of America. Plaintiff submitted a claim to defendants under the insurance policy, and between October 2004 and March 2005 defendants paid plaintiff a total of $210,492.13 against the loss claim. Because the parties could not agree on the total amount of the loss, they invoked the appraisal clause of the insurance policy. Per the appraisal clause, each party selected an appraiser, and the appraisers appointed retired Superior Court Judge Robert Farmer to serve as an umpire for the dispute. The appraisal hearings were conducted in July, October, and November 2005. Plaintiff also filed a complaint on 16 August 2005 in Wake County Superior Court seeking to recover damages under the policy and for "a declaratory judgment from this Court stating that it is entitled to have and recover the full amount of its damages claim[.]"

On 30 November 2005, the umpire entered an award of $854,000 in favor of plaintiff. Defendants believed they were entitled to deduct from the appraisal award the $210,492.13 that they previously paid, and they refused to pay the full $854,000. On 14 March 2007, the parties filed a stipulation in superior court agreeing that the issues involved in the lawsuit filed 16 August 2005 have been referred to appraisal and until the appraisal process is complete, "there is no way to make a determination as to whether there are any issues to be heard in the Superior Court Division of Wake County[.]" Subsequently, on 15 June 2007 the umpire issued a "Statement of

Clarification," and on 18 September 2007, he issued a "Corrected Award," clarifying that any previous payments were not to be applied as a credit to reduce the appraisal award. Defendants still refused to pay the full $854,000.

On 11 December 2007, the superior court entered an "Order of Dismissal," ordering "that this case be removed from the trial docket of active cases and placed as a closed file without prejudice to previous orders herein, and without prejudice to the entry of motions and orders in the future." The following day, defendants filed an answer and counterclaim to plaintiff's complaint, alleging eight affirmative defenses.

In January 2009, plaintiff filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code. On 13 February 2012, plaintiff filed an adversary proceeding in bankruptcy court, and on 16 April 2012, defendants filed a motion to dismiss pursuant to Rule 12(b)(6), alleging that plaintiff's claims were time-barred by the statute of limitations. The bankruptcy court entered an order on 23 July 2012 granting defendants' motion to dismiss without prejudice "to allow the plaintiff an opportunity to amend his complaint to include the underlying facts regarding the alleged tolling agreement."

On 25 September 2013, plaintiff filed a motion to amend its complaint in Wake County Superior Court, apparently pursuant to the bankruptcy court's order. On 23 December 2014, defendants filed a motion to dismiss with prejudice in superior court

pursuant to Rule 12(b)(1) and Rule 41(b). Subsequently, plaintiff filed an amended motion to amend its complaint in superior court on 3 January 2015. The superior court entered an order on 3 February 2015 denying plaintiff's motions to amend its complaint and granting defendants' motion to dismiss with prejudice. Plaintiff appeals.

## II. Analysis

### A. Findings of Fact

Plaintiff asserts that the trial court made findings of fact that were not supported by the evidence, namely portions of paragraphs fifteen, seventeen, eighteen, nineteen, twenty, and twenty-one. Plaintiff argues that they should be stricken and judgment should be reversed and remanded for a trial on the merits. Defendants contend that the remaining unchallenged findings of fact independently support dismissal, and plaintiff does not present any evidence to the contrary. Instead, plaintiff "broadly and baldly" states that six of the numerous detailed findings of fact are not supported by evidence.

Where the superior court sits without a jury, the standard of review on appeal is "whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. Findings of fact by the trial court . . . are conclusive on appeal if there is evidence to support those findings." *Medina v. Div. of Soc. Servs.*, 165 N.C. App. 502, 505, 598 S.E.2d 707, 709

(2004) (citing *Shear v. Stevens Bldg. Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992)). "Unchallenged findings of fact are presumed correct and are binding on appeal." *In re Schiphof*, 192 N.C. App. 696, 700, 666 S.E.2d 497, 500 (2008) (citations omitted).

Plaintiff claims the following portions of the trial court's findings of fact are not supported by the evidence:

> Paragraph fifteen: Plaintiff took no action to have its motion to amend heard in this court.
>
> Paragraph seventeen: The allegations contained in plaintiff's proposed amended complaint were previously litigated between the same parties in bankruptcy court.
>
> Paragraph eighteen: There was an expectation on the part of the parties that a resolution would occur in a reasonably short period.
>
> Paragraph nineteen: Plaintiff has engaged in undue and unreasonable delay with respect to this matter.
>
> Paragraph twenty: Plaintiff's delay in this court appears deliberate and tactical.
>
> Paragraph twenty-one: Defendants have been prejudiced by the plaintiff's deliberate, tactical, undue and unreasonable delay.

Regarding paragraph fifteen, plaintiff states, "This finding of fact is not supported by any evidence before the court." However, the trial court found that on 17 November 2014, defendants requested that plaintiff's motion be placed on the 5

January 2015 civil motions calendar. Plaintiff does not challenge this finding, and it is presumed correct and binding on appeal. Moreover, the trial court's order indicates that it dismissed the claims not due to plaintiff's failure to take action to have its motion to amend heard, but because "[t]his case has languished in this Court since 2007 with no activity occurring."

Plaintiff argues that paragraph seventeen is not supported by the evidence because the order from the bankruptcy court "states on its face that there was no prejudice to the plaintiff's [sic] filing an amended complaint and litigating the case on its merits." Plaintiff admits it did not file an amended complaint in bankruptcy court. Instead, plaintiff attempted to file an amended complaint in state court over one year after the bankruptcy court's order. " 'Under the doctrine of *res judicata*, a final judgment on the merits in a prior action in a court of competent jurisdiction precludes a second suit involving the same claim between the same parties or those in privity with them.' " *Green v. Dixon*, 137 N.C. App. 305, 307, 528 S.E.2d 51, 53 (quoting *Bockweg v. Anderson*, 333 N.C. 486, 491, 428 S.E.2d 157, 161 (1993)), *aff'd*, 352 N.C. 666, 535 S.E.2d 356 (2000). "[I]t is well settled in this State that '[a] dismissal under Rule 12(b)(6) operates as an adjudication on the merits unless the court specifies that the dismissal is without prejudice.' " *Hill v. West*, 189 N.C. App. 194, 198, 657 S.E.2d 698, 700 (2008) (quoting *Clancy v. Onslow Cty.*, 151 N.C. App. 269, 272, 564 S.E.2d 920, 923 (2002)). Here, although the trial court continued in

paragraph seventeen to find that plaintiff's claims cannot be relitigated, the bankruptcy court dismissed plaintiff's claims without prejudice. Accordingly, there was no final judgment on the merits. Even though the findings of fact in paragraph seventeen do not support the trial court's conclusion of law regarding *res judicata*, the trial court's alternative conclusion of law—that plaintiff engaged in undue and unreasonable delay—supports its judgment.

Regarding paragraph eighteen, plaintiff asserts, "There is absolutely no basis or no evidence before the court which would support this conclusion." However, the trial court found, "The tolling agreement asserted by Plaintiff was of limited duration, namely, 'during th[e] period when we are attempting to resolve the issues,' in light of the expectation that a resolution would occur in a reasonably short period, not for the five or six year period of hibernation which occurred in this case." The evidence supports this finding. Moreover, the trial court further stated, "The Court's findings with respect to the tolling agreement do not alter its decision on the motions to amend and the motion to dismiss in that even considering the potential existence of a tolling agreement, the Court would nevertheless deny Plaintiff's Motion[s] . . . and grant Defendants' Motion." Thus, the challenged finding had no impact on the court's conclusions of law or judgment.

Plaintiff submits the following argument pertaining to paragraph nineteen: "[P]laintiff respectfully contends that there is no evidence before the court to support

this finding of fact." The trial court further provided in paragraph nineteen:

> The incident underlying this litigation occurred August 17, 2004, and an appraisal award was entered November 30, 2005. Despite rejection by Defendants of a portion of the appraisal award shortly after it was entered, Plaintiff did not seek confirmation of the award in this Court. Further, this action was administratively closed December 11, 2007, and there are no facts indicating that Plaintiff engaged in any activity with respect to this matter from the time of this Court's administrative closing of the file in December 11, 2007, until February 13, 2012, the time the adversary proceeding was filed in bankruptcy court. Nor are there any facts in the record providing a justification for such delay. Plaintiff's delay continued after the dismissal in bankruptcy court where Plaintiff never refiled in that court but waited over one year from that court's dismissal to move to amend in this Court. Plaintiff's delay continued by failing to calendar its motion to amend.

Plaintiff does not challenge these findings, which overwhelmingly support the trial court's conclusion that plaintiff engaged in undue and unreasonable delay.

Regarding paragraph twenty, "plaintiff contends that there is no evidence before the court which would justify this finding of fact." To the contrary, the record supports the trial court's finding that plaintiff's delay was tactical. Plaintiff filed suit in state court, waited over six years to file suit in federal court, and then tried to amend its federal claim in state court. Plaintiff does not challenge the remaining findings in paragraph twenty, which support the court's order.

Lastly, with respect to paragraph twenty-one, plaintiff states, "There is no basis in the evidence for any finding that the defendants were prejudiced in any way.

The fact that the defendants have retained counsel 'with respect to this matter' is no support for a finding that the defendants have been prejudiced." The trial court further found in paragraph twenty-one,

> Defendants' counsel filed written motions and briefs in bankruptcy court. Defendants' counsel also attended the hearing in bankruptcy court. In addition, counsel for Defendants had to attend this Court's administrative session on October 17, 2014; thereafter calendared Plaintiff's Motion to Amend; filed their own motion to dismiss; and then briefed and argued the motions to amend and motions to dismiss. Further, after almost ten years, Plaintiff is now seeking to change the character of the claims by seeking treble damages, punitive damages, and attorneys' fees.

Again, plaintiff fails to challenge these findings of fact, which support the trial court's order.

In sum, there was competent evidence to support the challenged findings of fact, with the exception of paragraph seventeen. The remaining "[u]nchallenged findings of fact are presumed correct and are binding on appeal." *In re Schiphof*, 192 N.C. App. at 700, 666 S.E.2d at 500. The trial court's conclusions of law were proper in light of such facts and support its judgment.

B. Motions to Amend Complaint

Plaintiff claims that the trial court abused its discretion in denying plaintiff's motions to amend "without any justifying reason," and "defendant has shown no prejudice from any delay." Plaintiff argues that there was no undue delay and "the

proposed amendments were more in the order of supplemental proceedings involving facts which occurred after the Trial Court removed the case from the active trial docket."

"A ruling on a motion to amend a pleading following the time allowed for amending pleadings as a matter of course is left to the sound discretion of the trial court." *Wall v. Fry*, 162 N.C. App. 73, 80, 590 S.E.2d 283, 287 (2004) (citing *Isenhour v. Universal Underwriters Ins. Co.*, 345 N.C. 151, 154, 478 S.E.2d 197, 199 (1996)). "Undue delay is a proper reason for denying a motion to amend a pleading." *Id.* "A judge is subject to reversal for abuse of discretion only upon a showing by a litigant that the challenged actions are manifestly unsupported by reason." *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980) (citing *Martin v. Martin*, 263 N.C. 86, 138 S.E. 2d 801 (1964)).

Rule 15(a) of the North Carolina Rules of Civil Procedure states,

> (a) Amendments.—A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within 30 days after service of the amended pleading, unless the court otherwise orders.

N.C. Gen. Stat. § 1A-1, Rule 15(a) (2013).

Here, the trial court listed numerous reasons to support its decision to deny plaintiff's motions to amend. The trial court found that plaintiff filed the current action on 16 August 2005 and did not file its motion to amend until 20 September 2013, over eight years later. It found that plaintiff "has engaged in undue and unreasonable delay with respect to this matter." As previously discussed, the abundant findings in paragraph nineteen support the trial court's decision. The trial court concluded as a matter of law the following:

> Whether to grant or deny a motion to amend is in the discretion of the trial court. Plaintiffs' [sic] Motion to Amend and Amended Motion to Amend should be denied on the grounds that they are futile, the claims were litigated in the adversary proceeding and are barred by the doctrine of res judicata. Alternatively, Plaintiffs' [sic] Motion to Amend and Amended Motion to Amend should be denied on the grounds that Plaintiff has engaged in undue and unreasonable delay. . . .

Evidenced by the findings listed throughout this opinion, the challenged action is not "manifestly unsupported by reason." *Clark*, 301 N.C. at 129, 271 S.E.2d at 63. Accordingly, the trial court did not abuse its discretion in denying plaintiff's motions to amend its complaint based on the court's conclusion that plaintiff engaged in undue and unreasonable delay. *See Wall*, 162 N.C. App. at 80, 590 S.E.2d at 287 ("Undue delay is a proper reason for denying a motion to amend a pleading.").

C. Rule 41(b)

Next, plaintiff argues that the trial court erred in dismissing its case for failure

to prosecute because "there is no evidence upon which a court could conclude that the plaintiff either manifested an intent to thwart the progress of the action or to engage in any delaying tactic." Further, plaintiff states that "although the trial court stated as a conclusion of law that sanctions short of dismissal would not suffice, it did not make findings of fact concerning the reasons that sanctions short of dismissal with prejudice would not suffice."

"The standard of review for a Rule 41(b) dismissal is '(1) whether the findings of fact by the trial court are supported by competent evidence, and (2) whether the findings of fact support the trial court's conclusions of law and its judgment.'" *Cohen v. McLawhorn*, 208 N.C. App. 492, 498, 704 S.E.2d 519, 524 (2010) (quoting *Dean v. Hill*, 171 N.C. App. 479, 483, 615 S.E.2d 699, 701 (2005)). "Unchallenged findings of fact are presumed to be supported by competent evidence, and are binding on appeal." *Id.* (quoting *Justice for Animals, Inc. v. Lenoir Cty. SPCA, Inc.*, 168 N.C. App. 298, 305, 607 S.E.2d 317, 322 (2005)) (quotations omitted).

"For failure of the plaintiff to prosecute . . . , a defendant may move for dismissal of an action or of any claim therein against him." N.C. Gen. Stat. § 1A-1, Rule 41(b) (2013). This Court has stated that the trial court must address the following three factors before dismissing for failure to prosecute under Rule 41(b): "(1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant; and (3) the reason,

if one exists, that sanctions short of dismissal would not suffice." *Wilder v. Wilder*, 146 N.C. App. 574, 578, 553 S.E.2d 425, 428 (2001).

Here, the trial court addressed all three factors. It found in paragraph nineteen that plaintiff "engaged in undue and unreasonable delay." It stated there are no facts indicating that plaintiff engaged in any activity with respect to this matter from December 2007 until February 2012 and no justification for such delay. Additionally, in paragraph twenty it found that plaintiff's delay appeared "deliberate" as plaintiff filed a complaint in state court, then chose to litigate in federal bankruptcy court, and then returned to state court.

The trial court addressed the second factor in paragraph twenty-one, stating, "Defendants have been prejudiced by Plaintiff's deliberate, tactical, undue, and unreasonable delay." The trial court found that plaintiff's extra-contractual claims arose over nine years ago, and defendants have had to retain counsel, file written motions, attend hearings, and argue motions. Additionally, the trial court noted that plaintiff is now seeking to change the character of the claims.

Lastly, the trial court addressed the third factor in paragraph twenty-three, stating, "The Court has considered whether a less severe sanction than dismissal with prejudice is appropriate to serve the purpose of Rule 41(b), such as the exclusion of evidence or other sanctions, but the Court is unable to find anything short of dismissal with prejudice that would serve the purpose of Rule 41(b)."

In accordance with this Court's decision in *Wilder*, the trial court properly addressed each of the required factors. The findings of fact are supported by competent evidence, which in turn support the trial court's conclusions of law and judgment. The trial court did not err in granting defendants' motion to dismiss with prejudice based on Rule 41(b).

D. Rule 12(b)(1)

Plaintiff also argues, "To the extent that the trial court dismissed the plaintiff's claim based upon an allegation of lack of subject matter jurisdiction, that dismissal is in error." Here, the trial court did not grant defendants' motion to dismiss based on lack of subject matter jurisdiction. Instead, the trial court stated in its first conclusion of law that it had subject matter jurisdiction, concluding that the 11 December 2007 Order "did not dismiss this action but simply administratively closed the file and removed it from this Court's active docket." Therefore, plaintiff's argument fails.

E. Statute of Limitations

Lastly, plaintiff argues that to the extent the trial court determined in conclusion of law number two that the statute of limitations barred plaintiff's claim, it was error. Plaintiff maintains that the tolling agreement the parties entered into should be enforced. Here, the second conclusion of law addresses *res judicata* and fails to mention "statute of limitations." Additionally, although the trial court

discussed "passage of time" in the context of undue and unreasonable delay, it was the bankruptcy court that concluded plaintiff's claims were barred by the statute of limitations. Thus, plaintiff's argument is without merit.

### III. Conclusion

The trial court did not err in granting defendants' motion to dismiss with prejudice or in denying plaintiff's motions to amend its complaint.

AFFIRMED.

Chief Judge McGEE and Judge INMAN concur.